No. 21634.

LELAND L. HACKETT *v*. THE PEOPLE OF THE STATE OF COLORADO.
(406 P.2d 331)

Decided October 11, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

ON January 10, 1956 in the district court for the county of El Paso Hackett pled guilty to a charge of grand larceny and thereafter was sentenced on February 7, 1956 to a term of from three to five years in the state penitentiary.

On November 29, 1958 in the district court for the county of Huerfano Hackett was convicted of the crime of burglary and based upon this conviction he was thereafter sentenced under the Habitual Criminal Act to a term of from twelve to twenty years in the state penitentiary. One of the prior felony convictions relied upon to establish Hackett's status as an habitual criminal was the aforementioned conviction for grand larceny in 1956 in the district court for the county of El Paso.

On November 10, 1964 Hackett filed in the district court for the county of El Paso a motion under Rule 35 (b), Colo. R. Crim. P., whereby he sought to have vacated and set aside the sentence of from three to five

years in the state penitentiary theretofore imposed upon him by that court on February 7, 1956 upon his plea of guilty to the charge of grand larceny. As ground therefor Hackett alleged that the court "accepted his plea of guilty without warning or advising the defendant of his Constitutional safeguard to be represented by counsel."

As of November 10, 1964, the date when the motion to vacate the sentence in the grand larceny case was filed, Hackett was an inmate of the state penitentiary under the sentence imposed upon him on November 28, 1958 by the district court for the county of Huerfano. It is agreed that the sentence which Hackett now seeks to have set aside and vacated has already been fully served by him and that he is no longer in custody under that particular sentence. It was for this reason that Hackett's motion to vacate was denied, the trial court holding that inasmuch as Hackett was no longer in custody under the sentence which he sought to set aside, he could not therefore avail himself of the relief provided by Rule 35 (b). Judgment dismissing Hackett's motion to vacate was duly entered and by writ of error Hackett now seeks reversal thereof.

In our view the action of the trial court dismissing Hackett's motion to vacate under Rule 35 (b) was under the circumstances quite correct and hence the judgment here complained of must be affirmed.

Rule 35 (b) provides, in part, as follows:

"A *prisoner in custody under sentence* and claiming a right to be released on the ground that *such sentence* was imposed in violation of the constitution or laws of Colorado or of the United States, or that the court imposing the sentence was without jurisdiction to do so, or that the sentence was in excess of the maximum sentence authorized by law, or that the statute for the violation of which the sentence was imposed is unconstitutional or was repealed before the prisoner contravened its provisions, may file a motion at any time

*in the court which imposed such sentence* to vacate, set aside or correct it. . . ." (Emphasis supplied.)

■ It seems quite clear to us that Rule 35(b) is limited by its express terms to situations where the prisoner is attacking the judgment and sentence under which he is *then* in custody and, if the motion to vacate be otherwise meritorious, the prisoner would then be entitled to appropriate relief therefrom. As already noted, however, Hackett is presently in custody under the sentence imposed in 1958 by the district court for Huerfano County, and hence not now being in custody under the sentence which he seeks to have set aside, Hackett does not come within the terms of Rule 35(b).

Nor does Hackett in anywise bolster his position by his passing reference to coram nobis. In the prayer of his petition Hackett does ask that the judgment and sentence be vacated and set aside by "an order under Rule 35(b) Colo. R. Crim. P. in the nature of a writ of habeas corpus coram nobis."

■ In *Grandbouche v. People,* 104 Colo. 175, 89 P.2d 577, this Court in 1939 stated that the ancient writ of error coram nobis was even then "almost obsolete" and in connection therewith this Court then went on to observe that "its purpose now is attained by the filing of a motion to set aside the judgment." This observation is all the more appropriate at the present time because of the adoption in 1961 of the Colorado Rules of Criminal Procedure and the further fact that Rule 35(b) thereof specifically provides for a post conviction remedy for the prisoner then in custody under a sentence imposed in violation of the prisoner's constitutional rights. Hackett, however, failed to bring himself within the requirements of Rule 35(b), and the trial court therefore acted quite properly in denying his motion.

The judgment is affirmed.