441 P.2d 207

STATE of New Mexico, Plaintiff-Appellee,

v.

George SISK, Defendant-Appellant.

No. 8381.

Supreme Court of New Mexico.

May 27, 1968.

H. Elfred Jones, Carrizozo, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., for appellee.

## OPINION

MOISE, Justice.

Petitioner appeals from a denial of post-conviction relief from a sentence imposed upon him on December 17, 1962 of not less than three years nor more than twenty-five, with ten years of the maximum suspended. The sentence followed a plea of guilty to a charge of robbery while armed and was entered after petitioner had consulted with counsel of his own choice.

■ The record discloses that on November 26, 1965, petitioner filed a "petition for writ of coram nobis." This was heard on April 11, 1966, and an order entered that day dismissing the writ. This action by the district court was not appealed within the time provided by our rules (§ 21–2–1(5), N.M.S.A.1953) and, accordingly, we are without jurisdiction to consider points addressed to claimed errors in the court's action. State v. Weddle, 77 N.M. 417, 423 P.2d 609 (1967).

On April 29, 1966, petitioner filed a motion to vacate judgment and sentence which was followed, on May 5, 1966, by a supplemental motion, and on October 10, 1966, by an application for a writ of habeas corpus. All were given the same number and were treated as one case, under Rule 93 (§ 21–1–1(93), N.M.S.A.1953). Counsel was appointed; a hearing held without petitioner being present and, on November 22, 1966, findings were made and an order was entered dismissing the petition for the writ of habeas corpus. Notice of this appeal from that order was timely given. (§ 21–2–1(5), supra.)

■ No specific disposition by order was made of either the motion or supplemental motion to vacate judgment and sentence. However, since they and the application for the writ of habeas corpus all sought relief on the same grounds, viz., that petitioner had been deprived of certain constitutional rights by reason of not being advised of his right to a preliminary hearing, or to counsel at the preliminary hearing or when he entered a plea of not guilty in the district court, or of his right to have counsel appointed for him, we consider them together as motions under Rule 93, as did the trial court. This approach would seem to be indicated since our Rule 93 procedure is designed to accomplish the same purposes as habeas corpus in proceedings such as this, State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967), and must be invoked before habeas corpus may be sought, Rule 93(f); Annot., 96 L.Ed. 244, 251 (1952); Annot., 20 A.L.R.2d 976, 998 (1951), and since no appeal is available in habeas corpus proceedings. In re Forest, 45 N.M. 204, 113 P.2d 582 (1941).

We would note at the outset that this petitioner heretofore, in cause No. 202 H.C., unsuccessfully sought relief through habeas corpus in this court on the same grounds advanced in the court below. We quote the following from the findings entered in that case on January 14, 1965, after a hearing where petitioner was represented by counsel:

"2. That petitioner was represented by privately employed counsel in the district court at which time he knowingly and intelligently withdrew his plea of not guilty and entered a plea of guilty.

"3. That by entering a plea of guilty in the district court with counsel, petitioner waived any right to counsel at the preliminary hearing.

"4. That petitioner has not been denied any federal or state constitutional rights."

■■ Although not res judicata, he is not entitled to again seek relief on the identical grounds as a matter of right. See Rule 93(d). This is true even though the previous determination is not res judicata. Leach v. Cox, 74 N.M. 143, 391 P.2d 649 (1964). However, the court is required to exercise a sound judicial discretion in considering new applications for discharge based upon grounds already determined to be without merit. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Annot., 92 L.Ed.

1378 (1948); Annot., 161 A.L.R. 1331 (1946).

In the petition and argument before us now, it appears that petitioner asserts a lack of knowledge of his rights to a preliminary hearing with counsel and that even when he appeared before the trial court with employed counsel and changed his not guilty plea to guilty he was not aware of this right and, accordingly, did not intelligently waive it. From the findings quoted above it is apparent the position being advanced is substantially the same as that presented in cause No. 202 H.C. Also, from the transcript of the proceedings in the United States District Court it is clear that the same claim was there advanced. This action was affirmed by the Tenth Circuit Court of Appeals in Sisk v. Cox, decided in the January 1966 term, but not published. See, also, Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964), cert. den. 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed.2d 569 (1965), and the later cases of State v. Cisneros, 77 N.M. 361, 423 P.2d 45 (1967), and State v. Darrah, 76 N.M. 671, 417 P.2d 805 (1966), in which a rule has been uniformly applied to the effect that the right to representation at the preliminary hearing is waived upon entering a plea in district court when represented by counsel. Additionally, we would note that petitioner makes no claim, nor has proof been offered, that he was in any way prejudiced by the waiver. It has been held that any presumption against waiver of a right is overcome by a plea entered with counsel unless prejudice is shown. Haier v. United States, 357 F.2d 336 (10th Cir.1966), cert den., 385 U.S. 866, 87 S.Ct. 126, 17 L.Ed.2d 93; Sisk v. Cox, supra. Nothing new has been offered which in any way impresses us that the previous rulings in petitioner's various attempts to get relief were in error.

Petitioner complains, however, that he was given no hearing on his Rule 93 motion at which he was permitted to be present, and that counsel appointed could not represent him properly because he had at sometime in the past represented the prosecuting witnesses.

As to the right to be present, attention is directed to Rule 93(b) wherein specific provision is contained that if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court is not required to appoint counsel and grant a hearing. The petitions here are of this character. Nothing asserted required a hearing to conclusively establish the absence of merit in the claims advanced. Counsel was appointed and heard. It was not error to determine the issue without the presence of applicant. His presence would have added nothing. See State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967).

Applicant's complaint concerning counsel who represented him is equally lacking in merit. The fact of representation of the prosecuting witnesses at some undisclosed earlier date in connection with other matters would not per se disqualify counsel to appear on behalf of petitioner. No facts are asserted to support a suggestion that counsel did not do all that was possible in the circumstances. Indeed, as already noted, the application was so devoid of worth that no appointment of counsel or granting of a hearing was required. The applicant cannot prevail on an otherwise baseless claim because of dissatisfaction with counsel.

The judgment of the trial court should be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.