James Delmar **DEATON**

v.

**UNITED STATES** of America.

Civ. No. C-68-198.

United States District Court
W. D. Tennessee, W. D.

Oct. 25, 1968.

Supplemental Order Feb. 6, 1969.

———◆———

Robert Rose, Memphis, Tenn., for plaintiff.

William A. McTighe, Asst. U. S. Atty., Memphis, Tenn., for defendant.

OPINION AND ORDER ON MOTION TO VACATE UNDER
28 U.S.C.A. Sec. 2255

BAILEY BROWN, Chief Judge.

Following the entry of our order on July 16, 1968, the Government has filed an answer, and we have had the opportunity to consider this matter further and in doing so we have read and read a second time the entire trial transcript.

In our prior order we ruled that movant, James D. Deaton, was not entitled to rely on his asserted claims except the claim that the Government knowingly · used perjured testimony. The basis for this partially adverse rul-

ing was that such claims were either made on his direct appeal or could have been so made and that movant cannot avail himself of a motion to vacate as a substitute for a direct appeal. We still are of the opinion that this was an adequate ground for the adverse disposition of such claims. McDowell v. United States, 336 F.2d 435, 439 (6th Cir.1964). However, having read the trial transcript, we have concluded that there are other and additional grounds for adverse disposition of such claims.

These claims are (1) that movant was interrogated under such circumstances as to constitute a violation of his constitutional rights as a result of which incriminating statements were obtained and (2) that as a result of such improper interrogation the prosecution obtained tangible evidence against him.

As indicated by the Court of Appeals in affirming on direct appeal (364 F.2d 820 (1966), cert. denied 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967) ), the Government sought to introduce, with respect to statements, only the results of an interview by an F.B.I. agent, objection was made, a hearing was held outside the presence of the jury, and the Court sustained the objection. It appears that the Court (Judge Boyd) thought there was at least some doubt as to admissibility and Government counsel agreed to the sustaining of the objection since the evidence against movant was otherwise massive.

■ This interview was held after the hearing before the Commissioner and prior to indictment. It is clear from the transcript that, though movant had no counsel present, the statement (which was equivocal and far from a confession) was freely, voluntarily, and understandingly made. This trial began on April 12, 1965, and therefore *Miranda* (June 13, 1966) was not applicable. We therefore conclude that under the applicable standards the statement was actually admissible.

■■ Having so held, it would follow, further, that the use of any tangible evidence obtained as a result of this interview would not be prohibited. Moreover, the only tangible evidence, we gather from the motion and the transcript, that movant claims was obtained as a result of the interview was a pawn ticket on a camera which placed movant in Birmingham on certain days. This was introduced through the pawn shop proprietor who testified. It is not clear from the transcript whether this evidence was actually obtained as a result of this interview, but in any event it is clear that, from movant's accomplices who were with him when he pawned and later redeemed the camera and who testified for the Government, information leading to this evidence was easily otherwise available to the Government.

As stated, in the order entered on July 16, 1968 we indicated that movant would be entitled to a hearing on his contention that the Government knowingly offered perjured testimony. Movant's contentions in that respect, as set out in his motion to vacate and in his later motion for a default judgment, are rather obscure and perhaps intentionally so. In any event, primarily to obtain a better understanding of movant's contention, we have since, as stated, read and read a second time, the entire trial transcript.

Movant was indicted in two indictments, in one of which (CR 65–32) there were three counts and in the other of which (CR 65–31) there were two counts; in each count he was charged with unlawfully and knowingly causing to be transported in interstate commerce a forged check in violation of 18 U.S.C. § 2314; the indictments were tried together, and he was convicted by the jury on all counts; he received a sentence of ten years on each count to run concurrently.

In the first two counts in CR 65–32, movant was charged with "on or about" December 10, 1964 causing to be transported from Memphis to Atlanta two forged checks drawn on the account of Unlimited Insurance Agency with the First National Bank of Atlanta. In the

third count, he was charged with "on or about" December 17, 1964 causing to be transported from Memphis to Atlanta a forged check drawn on the account of Unlimited Services, Inc. with the Citizens & Southern National Bank of Atlanta.

In the other indictment (CR 65–31), in two counts, movant was charged with "on or about" December 28, 1964 causing to be transported from Memphis to Birmingham two forged checks drawn on the account of Allen Yokely Body & Top Co. with the Central Bank & Trust Co. of Birmingham.

It should be said here that the dates that the crimes were alleged in the indictments to have occurred are the dates on the faces of the involved checks which were exhibited by photostats on the indictments.

Movant seems to contend that, because the indictment in CR 65–31 charges that the Allen Yokely checks were transported "on or about" December 28, 1964 while the Government's theory and some of its proof at the trial were that they were obtained by burglary on December 29, 1964, this somehow indicates perjury. He further contends that conflicts in the Government's witnesses' testimony as to precisely when certain events occurred indicates perjury. In any event we are satisfied that, though movant is entitled to a hearing on the issue as to whether Government representatives knew of any perjured testimony when it was offered, it will not be necessary to return movant from Atlanta for the hearing.

Movant also alleges that the Government had the opinion of a handwriting expert to the effect that movant did not forge these checks. It appears that the F.B.I. agent testified, in the presence of the jury, on cross-examination by movant's counsel, that samples of movant's handwriting had been submitted to experts in Washington. Counsel did not move for the production of any opinion that might have been rendered by the experts. We surmise that counsel, rather than taking the risk of getting an unknown opinion before the jury, decided to leave the inference with the jury that the opinion, if there was one, was favorable to movant. In any event, movant's counsel could have moved for the production of the opinion which he did not do.

The Court appoints Robert Rose to represent movant in this cause.

### SUPPLEMENTAL ORDER

██ This cause having come on to be heard before me on the 5th day of February, 1969, upon the motion to vacate the sentence imposed upon Petitioner heretofore, and upon the Answer and Amended Answer of this Respondent, United States of America, and it appearing to the Court from the appearance and testimony of witnesses for the Petitioner and from the argument of counsel for the Parties that Respondent, United States of America, did not knowingly use perjured testimony to convict the Petitioner, James Delmer Deaton, and further, it did not withhold any evidence favorable to said Petitioner, including evidence of analysis of handwriting and evidence of fingerprint investigation, and it appearing that an analysis was made of the handwriting of the said James Delmer Deaton, as shown by the evidence in this hearing, but that said analysis indicated that the examiner was unable to determine that the Petitioner either did or did not write, sign or endorse the checks in question and that the fingerprint analysis was entirely negative, in that no latent fingerprints were found, and it appearing further that at the time of the trial the Petitioner was aware of the fact that there had been a handwriting analysis but did not call for same during the trial and that, therefore, his motion should be overruled.

It is, therefore, ordered that the motion of Petitioner, James Delmer Deaton, to vacate sentence on the grounds that the United States of America knowingly used perjured testimony to convict him, and that it withheld evidence favorable to him is hereby overruled and denied.