Opinion by
Mr. Justice Hodges.
The plaintiff in error here will be referred to herein as defendant. He was charged with robbery and conspiracy to commit robbery, and after a trial by jury was found guilty of both counts. That judgment was affirmed by this court in DeBaca v. People, 160 Colo. 543, 418 P.2d 286.
Defendant, acting pro se, then filed a petition under Rule 35(b), Colorado Rules of Criminal Procedure, to set aside his conviction, alleging alibi and that the prosecution deliberately withheld testimony favorable and vital to the defense. The trial court without a hearing summarily denied defendant’s motion. We affirmed the *417 denial in DeBaca v. District Court, 163 Colo. 516, 431 P.2d 763.
Thereafter, as shown from the record now before us, defendant again acting pro se, filed a motion to vacate the judgment alleging newly discovered evidence. Counsel was appointed to represent the defendant and an evidentiary hearing was held on this motion on November 10, 1967. At the hearing, defense counsel attempted to amend the motion on the ground that the final arguments at defendant’s trial had not been recorded in violation of Rule 14 (now Rule 20), Rules of the District Court, although defendant did not waive their taking, and also, on the ground that certain statements that violated his constitutional rights were made by the prosecution during the unrecorded closing arguments. The specific language constituting the prejudicial statements was not indicated to the trial court. An objection to the amendment was sustained and the court then made findings of fact, conclusions of law, and denied the defendant’s motion. Defendant did not seek review of the denial of this motion.
On January 23, 1968, defendant acting through his attorney, filed a motion to vacate the sentence on the ground that the closing arguments at his trial were not recorded in violation of Rule 14 (now Rule 20), Rules of the District Court, and also, on the ground that prejudicial statements that violated his constitutional rights were made by the prosecution in its closing arguments.
The motion, which was the only document filed by the defendant in the trial court, contained no hint whatsoever as to the language or statements made by the- prosecution which allegedly violated the defendant’s constitutional rights. Had this motion or any attachments to the motion specified the language or statements which were deemed by the defendant to have violated his constitutional rights, then it would have been incumbent upon the trial court to treat this motion in the nature of a 35(b) motion; and also, to conduct a hearing to deter *418 mine if there was a violation of any of the constitutional rights of the defendant.
The court summarily denied this motion on the finding that a court reporter was present and therefore, the defendant has no grounds to complain. It appears from the record that a reporter was present during the closing argument but did not record the argument. The record does not disclose that the defendant waived the recording of the closing argument.
In our view, the trial court did not commit reversible error in summarily denying this motion. See Quintana v. People, 158 Colo. 189, 405 P.2d 740 wherein we held with regard to Rule 14 (now Rule 20) of the Rules of the District Court:
“This rule is a permissible supplement to the Colorado Rules of Criminal Procedure and should be followed by the court, particularly on specific request. There was nothing that occurred during the oral argument which has been called to our attention by affidavit or otherwise which prejudiced the defendant and therefore, under the circumstances, we cannot say that the absence of a reporter during the argument was reversible.”
A motion for a 35 (b) review is insufficient, where, as here, it does not specify the facts which constitute the basis for the unconstitutional charge. Peirce v. People, 158 Colo. 81, 404 P.2d 843; Carr v. District Court, 157 Colo. 226, 402 P.2d 182.
Because of the insufficiency of the motion as to any constitutional issue, the trial court did not commit error in denying it.
Judgment affirmed.
Mr. Chief Justice McWilliams, Mr. Justice Pringle and Mr. Justice Groves concur.