**James Delmar DEATON, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 19444.

United States Court of Appeals, Sixth Circuit.

March 3, 1970.

James Delmar Deaton, pro se.

Thomas F. Turley, Jr., U. S. Atty., Kemper B. Durand, William A. McTighe, Jr., Asst. U. S. Attys., Memphis, Tenn., on brief for plaintiff-appellee.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

James Delmar Deaton, defendant-appellant, appeals from an order of the United States District Court for the Western District of Tennessee, Western Division, denying his motion under Section 2255, Title 28, U.S.C. to vacate his sentence. Deaton is presently confined in the federal penitentiary at Atlanta, Georgia, serving five concurrent sentences of ten years each. He was tried before a jury jointly on two indictments containing two and three counts respectively, each charging that he caused to be transported in interstate commerce a

falsely made and forged security in violation of Section 2314, Title 18, U.S.C. He was found guilty on all five counts and sentenced as above indicated.

The conviction was affirmed on direct appeal to this court. United States v. Deaton, 364 F.2d 820. Certiorari to the Supreme Court was denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138. On appeal the Court said,

> "We find no constitutional violation of appellant's rights in this case. No confession or other evidence was presented at his trial which is claimed to be derived from any in-custody questioning. Appellant was represented at trial by court-appointed counsel whose competence is not attacked. And while counsel was not appointed prior to arraignment, we find no prejudice to appellant which arose from this fact."

The appellant claims in his motion to vacate, (1) that he was interrogated under such circumstances as to constitute a violation of his constitutional rights as a result of which incriminating statements were obtained, (2) that as a result of such improper interrogation the prosecution obtained tangible evidence against him, (3) that the government withheld evidence which was favorable to him and (4) that the government knowingly used perjured testimony. On this appeal he urges that the district judge erred in not permitting him to be present at the hearing on the question of the government's knowing use of perjured testimony and in not granting his motion for discovery.

■ The district judge read the transcript of the evidence at the trial and concluded therefrom in an opinion and order under date of October 25, 1968, as did we in our opinion on direct appeal, that no incriminating statements were offered in evidence at the trial. He held that the alleged incriminating statement was voluntarily made and if it resulted in obtaining tangible evidence of a pawn ticket for a camera, it was not prohibited, *Miranda* not having been decided at that time. He further found that information leading to this evidence was easily otherwise available to the government. We too, have read the transcript of the testimony at the trial and we agree with these findings and conclusions of the district judge.

The district judge held an evidentiary hearing on the questions of whether the government knowingly used perjured testimony and whether it withheld evidence favorable to the appellant. He held that it was not necessary for the appellant to be present at the hearing but appointed a lawyer to represent him. Upon this hearing the district judge found that the government did not knowingly use perjured testimony. He further found,

> "(I)t did not withhold any evidence favorable to said Petitioner, including evidence of analysis of handwriting and evidence of fingerprint investigation, and it appearing that an analysis was made of the handwriting of the said James Delmar Deaton, as shown by the evidence in this hearing, but that said analysis indicated that the examiner was unable to determine that the Petitioner either did or did not write, sign or endorse the checks in question and that the fingerprint analysis was entirely negative, in that no latent fingerprints were found, and it appearing further that at the time of the trial the Petitioner was aware of the fact that there had been a handwriting analysis, but did not call for same during the trial and that, therefore, his motion should be overruled."

■ We have before us a transcript of the evidence of this hearing and we agree with the findings and conclusions of the district judge. We find no error on the part of the judge in not having the appellant present at the hearing. Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473; Sanders v. United States, 373 U.S. 1, 20, 83 S.Ct. 1068, 10 L.Ed.2d 148; Scott v. United States, 349 F.2d 641, 643. In an

order under date of February 6, 1969, the judge did permit the appellant to see and copy the handwriting reports and the confessions of co-defendants Tate and Hibbler.

The judgment of the District Court is affirmed upon the opinion and order of the district judge of October 25, 1968 and the order overruling and denying motion to vacate sentence of February 6, 1969, both reported at 305 F.Supp. 1299.