No. 23447.

STANLEY R. HOOKER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(477 P.2d 376)

Decided November 30, 1970.

Douglas G. McKinnon, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

On the authority of *Hackett v. People,* 158 Colo. 304, 406 P.2d 331, the trial court summarily denied Stanley R. Hooker's motion for post conviction relief [Crim. P. 35(b)] from a penitentiary sentence fully served. *Hackett* holds that 35(b) relief is unavailable to a petitioner who is not in custody under sentence pursuant to a conviction which he seeks to vacate.

Counsel, who was appointed by the trial court to assist Hooker in prosecuting this writ of error, challenges *Hackett* as a precedent under the facts of this case. He argues that Hooker, now serving a life sentence in the state of Kansas pursuant to its habitual criminal laws, is constructively in custody on this Colorado conviction because it was one of the prior convictions which formulated the basis for the application of the habitual criminal laws of the state of Kansas and the consequent imposition of a life sentence now being served by Hooker.

Counsel's argument in the foregoing paragraph has much merit. However, we now find it unnecessary to discuss or decide the applicability of *Hackett* to the facts of this case. The summary denial without a hearing

of Hooker's 35(b) motion would have been clearly justified on the ground that the motion itself is wholly insufficient. On this basis, we affirm the judgment of the trial court.

█ It is impossible to glean from the pro se 35(b) motion filed by Hooker any clear indication of how his constitutional rights may have been violated in connection with his conviction and sentence in the trial court. The motion does no more than allege that the sentence of the trial court was illegal and should be vacated because it was imposed in "violation of the Fourth and Fifth amendment." The motion contains no exposition of any facts from which the trial court could detect any basis for unconstitutional action or inaction on the part of the trial court when it sentenced Hooker after his plea of guilty to a no account check charge. Nor are there any facts set forth in the motion which shows that any other agency or person who may have had any connection with Hooker's arrest, incarceration, or conviction acted improperly or in violation of his constitutional rights. It must also be noted that this record reveals that the defendant was at all critical stages of his trial court procedures represented by appointed counsel. A motion for review in the trial court as contemplated by the provisions of Crim. P. 35(b), is insufficient and may be summarily denied where, as here, it does not specify the facts which constitute the basis for the unconstitutional charge. *DeBaca v. People,* 170 Colo. 415, 462 P.2d 496; *Peirce v. People,* 158 Colo. 81, 404 P.2d 843; and *Carr v. District Court,* 157 Colo. 226, 402 P.2d 182.

█ It is also urged that the trial court erred in not having Hooker present when it ruled on his motion. If an evidentiary hearing under Rule 35(b) would have been required, then petitioner's presence would, under most circumstances, be necessary. *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473; *Deaton v. United States,* 422 F.2d 345 (6th Cir.); *State v. Sisk,* 79 N.M. 167, 441 P.2d 207. No evidentiary hearing

was necessary here and therefore no error was committed in this respect.

In view of our disposition here, there is no necessity or reason to discuss the other grounds of alleged error.

On July 30, 1970, Crim. P. 35(b) was amended so as to apply to "one who is aggrieved and claiming either a right to be released or to have a judgment of conviction set aside." The filing of Hooker's 35(b) motion and the trial court's denial of it took place over a year prior to this amendment. Under Crim. P. 35(b), as thus amended, the rule of *Hackett* is no longer effective, because it interprets words limiting the post conviction remedy to a "prisoner in custody under sentence," which words are no longer contained in the rule. At the present time, on a sufficient 35(b) motion, a trial court would not be justified in summarily denying a 35(b) motion for the sole reason that a petitioner is not in custody under sentence pursuant to a conviction which he now seeks to vacate.

Judgment affirmed.