The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Douglas BOEHMER, Defendant–Appellant.

No. 86CA0323.

Colorado Court of Appeals, Div. I.

Nov. 25, 1988.

Rehearing Denied Dec. 22, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas R. Williamson, Tad Overturf, Deputy State Public Defenders, Denver, for defendant-appellant.

HUME, Judge.

Defendant, Douglas Boehmer, appeals from the trial court's order denying his motion for post-conviction relief. We set aside the order and remand with directions that the trial court rule upon defendant's request for appointment of counsel and for a hearing on his Crim.P. 35(c) motion.

Defendant was convicted in 1978 of aggravated robbery, conspiracy to commit theft, and theft, was adjudged an habitual offender as an adjunct to those convictions, and was sentenced to life imprisonment. Defendant appealed the convictions, and filed various motions for post-conviction relief prior to the motion now before us. He presently remains incarcerated on the 1978 convictions and sentence.

On March 18, 1985, jointly with Roger Garcia, defendant filed his Crim.P. 35(c) motion. The motion asserted that their convictions were obtained unlawfully because defendants had been denied their constitutional right to testify at trial, that some of the convictions underlying each of their respective habitual offender proceedings were not felonies or otherwise were constitutionally infirm, and that they had been denied effective assistance of counsel because they had been jointly represented by trial counsel despite the existence of conflicts of interest. The motion requested appointment of counsel for the Crim.P. 35(c) motion proceedings, and a hearing on the allegations made in that motion.

After some delay, the trial court denied the motion without a hearing and without appointment of counsel. Appellate procedures resulted in a severance of defendants' initial joint appeal of that order.

Boehmer's motion avers that he had desired to testify in his own behalf at the trial, but that his counsel had told him that if he insisted upon doing so, counsel would withdraw from the case, and defendant would have to continue without representation. He also alleged that his counsel had not advised the court about the disagreement concerning Boehmer giving testimony. The record reflects that defendant did not testify at the trial.

In further support of the motion, defendant submitted an affidavit from trial counsel which stated:

"During the course of the trial I did inform defendants that if they insisted on testifying in their defense as they proposed to do, I would withdraw from the case.

I did not bring the issue before the court ... so that the court could advise the defendants of their rights in the matter."

Defendant contends that the motion was sufficient to require an evidentiary hearing to resolve the issues it presented, and that the court erred in denying it without a hearing and without properly considering his request for appointed counsel. We agree.

■ An evidentiary hearing is not required under Crim.P. 35(c) if the motion, the files, and the record present only issues of law, *People v. Martinez*, 184 Colo. 155, 524 P.2d 73 (1974), or if the motion fails to specify facts supporting a claim for relief. *Hooker v. People*, 173 Colo. 226, 477 P.2d 376 (1970).

■ Here, however, defendant's motion specifically alleged facts which, if proven, might support the claim that he was deprived of the right to testify under an impermissible threat of loss of assistance of counsel. Moreover, those facts are arguably corroborated by former counsel's affidavit. Also, those allegations involve matters substantially outside the record of court proceedings, and are sufficient to require an evidentiary hearing to permit defendant to attempt to prove them, with assistance of counsel. *See People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974); *Von Pickrell v. People*, 163 Colo. 591, 431 P.2d 1003 (1967).

■ In *Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), the court determined that effective assistance of counsel does not include a requirement that counsel present testimony he reasonably believes to be false, and that the constitutional right of an accused to testify in his own defense does not extend to a right to testify falsely. Accordingly, the Supreme Court held that an attorney who refused to assist his client in presenting false testimony did not force upon the defendant an impermissible choice between his constitutional right to testify and his right to effective assistance of counsel, and that counsel's adherence to ethical standards which precluded his subornation of perjury or knowing perversion of the interests of justice by presenting false evidence did not impermissibly burden his client's right to testify in his own behalf. We conclude that this *Nix* rule is binding upon us with respect to defendants' federal constitutional claims, and establishes a persuasive standard applicable to the determination of these claims insofar as they rest on state constitutional grounds.

However, in *Nix, supra*, the trial court held a full post-trial evidentiary hearing at which both the defendant and his trial counsel testified. Upon that evidence, the trial court found that defendant in fact had only been precluded from presenting *false* testimony by his counsel's conduct, which included a threat to withdraw.

■ In this case, unlike the situation in *Nix*, the trial court's determination was based only upon an inference it drew from defendant's former counsel's affidavit that his threat to withdraw was conditioned upon his clients' "insistence on testifying ... as they proposed to do," and the court's assessment that the other evidence showing defendant's guilt was overwhelming. However, since both the right to testify and the right to effective assistance of counsel are fundamental personal rights, *see People v. Curtis*, 681 P.2d 504 (Colo. 1984), and *Johnston v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), their waiver must be established with certainty and not by speculative inference or implication. *See Rice v. People*, 193 Colo. 270, 565 P.2d 940 (1977).

Here, the evidence that was available to the trial court is insufficient to establish as a matter of law that trial counsel's reason for refusing to present defendant's testimony was based upon his belief that defendant intended to testify falsely. Nor was that evidence sufficient to establish that any such belief was reasonable under the circumstances known to defense counsel when he informed defendant of the conditions for continuing his representation.

Because we conclude that the order denying the Crim.P. 35(c) motion must be set aside and the cause remanded for hearing with assistance of counsel, we decline presently to address defendant's other contentions, with one exception.

■ Defendant has requested us to order that on remand, the proceedings be held before a different judge, contending that the court's prior ruling on the motion indicates an impermissible bias requiring

substitution. We disagree, and deny that request.

The request for substitution has not been made properly pursuant to § 16–6–201, C.R.S. (1986 Repl.Vol. 8A) or Crim.P. 21(b), nor have proper grounds for the motion been alleged to require recusal for prejudice. Neither a judge's expression of opinions derived from his participation in prior proceedings in a pending cause nor his rulings on issues presented in those proceedings are sufficient in themselves to demonstrate disqualifying bias or prejudice. *See Altobella v. People*, 161 Colo. 177, 420 P.2d 832 (1966); *Walker v. People*, 126 Colo. 135, 248 P.2d 287 (1952).

The order is set aside and the cause is remanded with directions that the trial court first determine defendants' motions for appointment of counsel to assist in his presentation of the Crim.P. 35(c) motion, and for hearing to determine the merits of that motion consistent with the views expressed in this opinion.

PIERCE and MARQUEZ, JJ., concur.