The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Scott Richard CAMPBELL,** Defendant–Appellant.

**No. 01CA1703.**

Colorado Court of Appeals, Div. V.

Feb. 26, 2004.

Rehearing Denied April 1, 2004.

Certiorari Denied Aug. 2, 2004.

---

Ken Salazar, Attorney General, Monica M. Marquez, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Thomas K. Carberry, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Scott Richard Campbell, appeals the judgment of conviction entered upon jury verdicts finding him guilty of sexual exploitation of a child and contributing to the delinquency of a minor. We affirm.

In executing a search warrant to uncover possible evidence of drug activity at defendant's house, police came across a photograph that depicted two young females engaged in sexually explicit conduct. The police seized the photograph and subsequently determined that one person depicted in the photograph was a fifteen-year-old girl, and the other was defendant's eighteen-year-old wife. At trial, the girl testified that she had had a consensual sexual relationship with defendant's wife and that defendant had posed them for and then taken the sexually explicit photograph seized by the police.

I.

■ Defendant contends that the trial court erred in not suppressing the photograph as illegally seized. We disagree.

■ Under the plain view exception to the warrant requirement, "police are not required to close their eyes to any evidence that they plainly see while conducting otherwise legitimate searches." *People v. Pitts*, 13 P.3d 1218, 1222 (Colo.2000). Police may seize, without a warrant, plainly visible evidence, so long as (1) their initial intrusion onto the premises was legitimate; (2) they had a lawful right of access to the object; and (3) they had a reasonable belief that the evidence seized was incriminating. *People v. Pitts, supra.*

Defendant does not challenge the right of the police either to be on the premises or to access photographs to uncover evidence of possible drug activity. Instead, defendant challenges only whether the police had a reasonable belief that the photograph was incriminating in nature. We reject this challenge.

■ A reasonable belief that evidence is incriminating exists when the incriminating nature of the evidence is immediately apparent to the searching officer. *People v. Kluhsman*, 980 P.2d 529, 535 n. 8 (Colo.1999). The "immediately apparent" requirement is satisfied if, without further search, police

have probable cause to associate an item with criminal activity. *People v. Dumas*, 955 P.2d 60, 64 n. 9 (Colo.1998); *see People v. Pitts, supra*, 13 P.3d at 1222.

■ Probable cause is not measured by a " 'more likely true than false' level of certitude but by a common-sense, nontechnical standard of reasonable cause to believe." *People v. King*, 16 P.3d 807, 813 (Colo.2001)(quoting *People v. Ratcliff*, 778 P.2d 1371, 1375 (Colo.1989)).

■ We review de novo whether probable cause immediately existed to believe that the photograph was incriminating. *See People v. Matheny*, 46 P.3d 453, 461 (Colo.2002)(noting standard for reviewing probable cause assessment for warrantless police action).

A person commits the crime of sexual exploitation of a child by, among other things, taking a photograph depicting explicit sexual conduct by a child under eighteen years of age. Section 18–6–403(2)(a), (2)(j), (3)(a), (3)(b.5), C.R.S.2003. Here, the police seized the photograph as evidence of this crime because one of the females depicted had a very youthful face, underdeveloped breasts, and a lack of pubic hair.

We have reviewed the photograph and conclude that the characteristics relied upon by the police provided reasonable cause to believe that the girl was underage. In this regard, we agree with the trial court's observation that "it is readily and immediately apparent that this girl could be under the age of 18." That she might in fact have been over eighteen—and that it might take some time to ascertain her actual age—does not detract from the reasonable belief the police had, immediately upon viewing the picture, that she was not eighteen when the picture was taken.

Accordingly, we conclude that the police properly seized the photograph under the plain view exception to the warrant requirement, and thus, the trial court properly denied defendant's motion to suppress the photograph.

## II.

■ Defendant next contends that, as applied to the facts of this case, the sexual exploitation of children statute violates his constitutional rights to equal protection of the laws. We disagree.

Defendant premises his argument upon the different ways the law treats the consent of a fifteen-year-old to have sex or be photographed having sex. Under the sexual assault statute, a fifteen-year-old can effectively consent to have sex with a person not more than ten years older than he or she is. Section 18–3–402(1)(e), C.R.S.2003. In contrast, under the sexual exploitation of children statute, a person "below the age of eighteen years is incapable of giving informed consent to the use of his or her body for a sexual purpose." Section 18–6–403(1), C.R.S.2003. Applying these provisions to the facts of this case, defendant's wife could not be prosecuted for having sex with the girl, but he could be prosecuted for photographing his wife having sex with the girl. This disparity, he asserts, violates his right to equal protection of the laws. We are not persuaded.

■ Equal protection of the laws guarantees that similarly situated persons will receive like treatment. If, as here, a statute neither infringes upon a fundamental right (*see* section III, *infra*) nor involves a suspect or quasi-suspect classification, it will be upheld against an equal protection challenge if the classification it effects is reasonable and bears a rational relationship to legitimate state objectives. *See People v. Wiedemer*, 852 P.2d 424, 439 (Colo.1993).

■ It is the General Assembly's prerogative to define criminal conduct and to establish the legal components of criminal liability. *See People v. Salazar*, 920 P.2d 893, 895 (Colo.App.1996). The General Assembly may, consistent with equal protection guarantees, choose to impose a penalty for an act that it perceives to have graver social consequences than another act. *See Campbell v. People*, 73 P.3d 11, 15 (Colo.2003)(analyzing issue of different penalties for different acts).

■ Because statutes are presumed to be constitutional, defendant bears the burden of demonstrating that the statute relies on an arbitrary distinction not based upon real differences. He must show that no rational basis exists to treat his prohibited act of sexual exploitation of a child differently from his wife's legally permissible act of engaging in sexual activity with that same child. *See People v. Goodale*, 78 P.3d 1103, 1107 (Colo.2003)(analyzing claim of harsher penalties for less serious crime). Defendant fails to meet his burden.

Certainly, there is a compelling state interest in regulating the making and possession of pornography involving the use of children. *See People v. Enea*, 665 P.2d 1026, 1028 (Colo.1983)("The manufacture, sale, and distribution of photographs and films depicting children involved in sexual activity is intrinsically related to the physical, psychological, and sexual abuse of children."); *see also Osborne v. Ohio*, 495 U.S. 103, 109–10, 110 S.Ct. 1691, 1696, 109 L.Ed.2d 98 (1990)(state has a compelling interest in regulating possession of child pornography); *New York v. Ferber*, 458 U.S. 747, 758, 102 S.Ct. 3348, 3355, 73 L.Ed.2d 1113 (1982)(state has a compelling interest in regulating "the use of children as subjects of pornographic materials").

Here, the General Assembly could rationally conclude that, for fifteen- to eighteen-year-olds, engaging in consensual sex with others who are within a reasonably close age range, and who are not in a position of trust, is less harmful than being photographed for sexually explicit material. Sexual activity between teenagers is not uncommon, *see Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 246, 122 S.Ct. 1389, 1400, 152 L.Ed.2d 403 (2002)("teenagers engaging in sexual activity ... is a fact of modern society"), but reducing those activities to a recording "may haunt [the child] in future years, long after the original [sex act] took place." *See New York v. Ferber*, *supra*, 458 U.S. at 759 n. 10, 102 S.Ct. at 3356 (quoting Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act*, 17 Wake Forest L.Rev. 535, 545 (1981)); *see also* § 18–6–403(1.5), C.R.S.2003 (recognizing the "continuing victimization" of children stemming from a permanent record of the acts); *Ashcroft v. Free Speech Coalition*, *supra*, 535 U.S. at 249, 122 S.Ct. at 1401 ("Like a defamatory statement, each new

publication of [child pornography] would cause new injury to the child's reputation and emotional well-being.").

Because the legislature could rationally conclude that there was a harm connected with making sexually exploitative materials, independent of any harm occasioned by the sex act being photographed, we reject defendant's equal protection challenge to the sexual exploitation statute as applied to him. *Cf. People v. Slusher*, 844 P.2d 1222, 1229–30 (Colo.App.1992)(rejecting equal protection challenge to punishing sexual exploitation more severely than sexual assault).

## III.

■■ We also reject defendant's contention that the sexual exploitation of children statute is unconstitutionally overbroad on its face.

■■ A statute is impermissibly overbroad if it prohibits constitutionally protected conduct. *People v. Enea, supra*, 665 P.2d at 1027. A statute is not, however, "unconstitutional due to facial overbreadth unless the overbreadth is 'not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.'" *People v. Batchelor*, 800 P.2d 599, 601 (Colo.1990)(quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973)).

In *People v. Batchelor, supra*, the supreme court rejected a facial overbreadth challenge to the validity of the sexual exploitation of children statute. However, defendant now contends that the statute is invalid under *Ashcroft v. Free Speech Coalition, supra*, because it encompasses within its reach serious literary and artistic material such as movies and television programs. We disagree.

In *Free Speech Coalition*, the Supreme Court recognized that, in some circumstances, child pornography might be of significant and constitutionally protected value; however, the Court made it clear that "pornography produced with real children" did not fall within this category. *Ashcroft v. Free Speech Coalition, supra*, 535 U.S. at 246, 122 S.Ct. at 1399. The Court held unconstitutional a federal statute prohibiting "any visual depiction" that "is, *or appears to be*, of a minor engaging in sexually explicit conduct," because it banned permissible, alternative modes to the use of real children to create child pornography for use in serious literary or artistic materials. Those permissible, alternative modes included purely computer-generated images of children or use of actors who, though older than the statutory age, appear younger than they actually are. *See Ashcroft v. Free Speech Coalition, supra*, 535 U.S. at 256, 122 S.Ct. at 1405.

Unlike the statute in *Free Speech Coalition*, Colorado's sexual exploitation of children statute does not prohibit the making or possession of photographs that "appear[ ] to be" of a minor engaged in sexually explicit conduct. Instead, it prohibits "caus[ing], induc[ing], entic[ing], or permit[ting] a child to engage in, or be used for, any explicit sexual conduct for the making of any sexually exploitative material." Section 18–6–403(3)(a). And Colorado specifically defines "child" as a "person who is less than eighteen years of age." Section 18–6–403(2)(a).

Therefore, because this statute prohibits only the use of real children in the production of pornography, it is not unconstitutionally overbroad on its face. *See, e.g., State v. Hazlett*, 205 Ariz. 523, 73 P.3d 1258, 1261 (Ct.App.2003)(upholding similarly worded statute against *Free Speech Coalition* overbreadth challenge); *Fink v. State*, 817 A.2d 781, 790–91 (Del.2003)(same); *State v. Fingal*, 666 N.W.2d 420, 424 (Minn.Ct.App. 2003)(same); *Griffin v. State*, 317 Mont. 457, 77 P.3d 545, 548 (2003)(same); *State v. Anderson*, 151 Ohio App.3d 422, 784 N.E.2d 196, 200 (2003)(same); *Webb v. State*, 109 S.W.3d 580, 582–83 (Tex.Crim.App. 2003)(same).

## IV.

■■ Finally, we reject defendant's contention that the trial judge should have recused herself because of rulings she made in defendant's prior related drug case. *See People v. Lanari*, 926 P.2d 116, 119 (Colo. App.1996)("a judge's rulings on issues presented in prior proceedings, even if erroneous, are insufficient by themselves to demonstrate disqualifying bias or prejudice"); *see also Walker v. People*, 126 Colo. 135, 147, 248

P.2d 287, 294 (1952); *People v. Boehmer,* 767 P.2d 787, 790 (Colo.App.1988).

The judgment is affirmed.

Chief Judge DAVIDSON and Judge VOGT concur.