FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER WEATHERALL,

  Petitioner-Appellant,

v.

BRIGHAM SLOAN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

  Respondents-Appellees.

No. 10-1342
(D.C. No. 1:10-CV-00336-ZLW-BNB)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

Petitioner Christopher Weatherall seeks a Certificate of Appealability (COA)

pursuant to 28 U.S.C. § 2253 in order to challenge the district court's dismissal of his 28

U.S.C. § 2254 petition for a writ of habeas corpus.  The district court dismissed

Weatherall's petition for failure to exhaust state remedies.  Because Weatherall has not

made the required showing for a COA to issue, his application for a COA is denied and

this matter is dismissed.

---

  [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

I

In 1995, Weatherall was convicted in a Colorado court of second degree murder and sentenced to forty-eight years' imprisonment. He appealed and his conviction was affirmed.

On October 4, 1999, Weatherall filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35 in the Colorado trial court. He alleged that his conviction "was secured through a malicious prosecution conspiracy in violation of the Fifth and Fourteenth Amendments," and that, as part of this conspiracy, he received ineffective assistance of counsel at trial. ROA, Vol. 1 at 110-11. On February 3, 2000, the Colorado trial court denied Weatherall's motion. Weatherall appealed. On February 2, 2002, the Colorado Court of Appeals issued an order affirming in part and reversing in part. The Court of Appeals ruled that Weatherall's conspiracy allegations were not sufficient to state a claim. However, the court remanded in part for an evidentiary hearing on Weatherall's ineffective assistance of counsel claim. Id. at 78. Weatherall then filed a federal habeas petition, which was dismissed on September 27, 2002, for failure to exhaust state remedies. Id. at 265. We denied Weatherall's application for a COA. Id. at 273.

On May 1, 2003, Weatherall filed a petition for Writ of Certiorari in the Colorado Supreme Court, challenging the disposition of his conspiracy claim. He argued that his Rule 35 motion "contained an exposition of facts from which the trial court could detect a

2

claim of unconstitutional action." Id. at 246. The petition was denied on July 28, 2003.[1] Id. at 262.

Weatherall filed a second federal habeas petition in the district court on March 15, 2005, which was dismissed for failure to exhaust state court remedies. Id. at 275-79.

After a long delay due to the circumstances described in the district court's 2005 order dismissing Weatherall's second habeas petition, see id. at 276-78, the Colorado trial court held a hearing on Weatherall's ineffective assistance of counsel claim. In an order dated January 9, 2008, the trial court found that Weatherall did not receive ineffective assistance of counsel, nor was he constructively denied counsel. Weatherall appealed. After numerous extensions of time and difficulties with representation, the Colorado Court of Appeals granted Weatherall's request to dismiss his appointed counsel and Weatherall proceeded pro se. Weatherall filed two opening briefs that were stricken for failure to comply with Colorado appellate rules. On February 12, 2010, the Colorado Court of Appeals issued an order giving Weatherall twenty-one days to show cause why his appeal should not be dismissed for failure to file an opening brief. The court received no response, and dismissed Weatherall's appeal on March 31, 2010. Id. at 372.

In his instant habeas petition, Weatherall contends that his conviction was

---

[1] In its pre-answer response, the State of Colorado wrote: "Weatherall's conviction became final on July 22, 1999. He then filed a postconviction motion on November 8, 1999. Those proceedings have not yet concluded. As such, in this pre-answer response, Respondents will not challenge, but are not conceding, the timeliness of Weatherall's habeas petition." ROA, Vol. 1 at 59. Because we determine that Weatherall has not made the requisite showing on the merits for a COA to issue, we need not consider the timeliness of his petition.

procured pursuant to a conspiracy involving almost every person involved in his case. He contends that he is innocent and that the police fabricated the evidence against him, and that his various attorneys and the Colorado and federal courts have participated in the conspiracy against him by sabotaging his appeals and refusing to consider the merits of his claims.

## II

A petitioner must obtain a COA in order to appeal a district court's denial of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on the merits, a COA may issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds and does not reach the prisoner's underlying constitutional claims, a COA may issue only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. We incorporate the Antiterrorism and Effective Death Penalty Act's (AEDPA) deferential treatment of state court decisions into our consideration of a request for a COA. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

Under AEDPA, a petitioner is not entitled to habeas relief unless he or she can

establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). If the state court decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment," we do not review it. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

A state prisoner seeking federal habeas relief must first exhaust available state court remedies by raising the substance of his or her claims in state court and invoking one complete round of the state's appellate review process, including discretionary review. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 845-47 (1999). If a claim is procedurally defaulted in state court, a federal court may not consider that claim unless the petitioner can demonstrate cause and prejudice or that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

## III

Based on our independent review of the record and construing Weatherall's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we conclude that Weatherall has not shown that reasonable jurists would debate whether his petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. Therefore, we deny Weatherall's application for a COA.

5

The district court dismissed Weatherall's petition for failure to exhaust state remedies. ROA, Vol. 1 at 506. It determined that Weatherall raised his conspiracy claim in his Rule 35 motion, that the Colorado Court of Appeals disposed of it on the merits, and that the claim "is not procedurally defaulted and, therefore, is not barred from federal habeas review." Id. at 501. Although it did not specifically so state, the district court appears to have determined that the conspiracy claim was not exhausted because Weatherall did not perfect his appeal of the Colorado trial court's January 9, 2008 order denying his Rule 35 motion.

In 2003, Weatherall filed a petition for Writ of Certiorari in the Colorado Supreme Court challenging the Colorado Court of Appeals's 2002 disposition of his conspiracy claim. The petition was denied without explanation. We need not determine whether the 2003 certiorari petition satisfies the exhaustion requirement on Weatherall's conspiracy claim, because he has failed to make the requisite showing on the merits for a COA to issue.[2]

The Colorado Court of Appeals dismissed Weatherall's conspiracy claim because he failed to state a claim for relief. The court stated, "even if we assume, without deciding, that defendant sufficiently alleged an agreement or combination among [the alleged conspirators], he nevertheless has failed to state any facts that would support the existence of a conspiracy." ROA, Vol. 1 at 77. We conclude that the Colorado Court of

---

[2] All claims not disposed of in the 2002-2003 round of post-conviction appeals are unexhausted because Weatherall failed to perfect his appeal from the trial court's 2008 order dismissing Weatherall's ineffective assistance of counsel claims.

Appeals's decision was not contrary to or an unreasonable application of federal law because Weatherall made no more than vague and conclusory allegations to support his conspiracy claim.[3]  Weatherall argued that there must be a conspiracy against him because he is innocent and asserted, without support, that the investigating police officers agreed among each other to set him up.  The Colorado Court of Appeals's determination that these allegations failed to state a federal constitutional claim was not unreasonable.

The district court also determined that Weatherall could not bring a due process claim for inordinate delay in post-conviction proceedings.  In his application for a COA, Weatherall insists that "he NEVER raise [sic] claim of inordinate delay."  Pet'r Appl. for COA at 5 (Pet'r page no. 1.2).  We, therefore, will not consider it.

Weatherall has failed to make the requisite showing for a COA to issue on his claim that he was denied due process because his conviction was the product of a conspiracy.  Weatherall's motion to proceed in forma pauperis is GRANTED.

---

[3] The Colorado Court of Appeals cited to People v. Rodriguez, 914 P.2d 230 (Colo. 1996), and Hooker v. People, 477 P.2d 376 (1970), which stand for the rule that a court may summarily deny a Colo. R. Crim. P. 35 motion if the motion does not specify facts from which the court can discern any basis for a constitutional claim.  The Court of Appeals's decision does not rest on entirely independent state law grounds because the Colorado Court of Appeals had to look to federal law to determine whether Weatherall's factual allegations would support a federal due process claim.  Thus, although the dismissal was pursuant to a state procedural rule, the application of that rule incorporated federal law.

Weatherall's motion to appoint an attorney is DENIED, his motion requesting oral argument is MOOT, and his motion for hearing en banc is DENIED. Weatherall's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Chief Judge