No. 23094.

ISAAC C. DEBACA *v.* DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER, AND THE JUDGES THEREOF, AND THE HONORABLE JAMES C. FLANIGAN.
(431 P.2d 763)

Decided September 18, 1967.

Isaac C. DeBaca, pro se.

Joseph R. Marranzino, for respondent James C. Flanigan.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The petitioner DeBaca sought a writ of mandamus from this Court requiring respondent, Honorable James C. Flanigan, as a judge of the District Court of the City and County of Denver, to grant him an evidentiary hearing in a post-conviction remedy proceeding. We

issued a rule upon the respondent to show cause why such a hearing should not be ordered.

In the trial court, petitioner filed a petition under Colo. R. Crim. P. 35(b) to set aside a sentence imposed upon him for robbery. His conviction had previously been affirmed by this Court in *DeBaca v. People,* 160 Colo. 543, 418 P.2d 286. In his 35(b) petition, DeBaca raised two points:

(1) "That [he] has a legal alibi and could not possibly, under any circumstances have been guilty of the crime for which he was convicted."

(2) "That the prosecution *deliberately withheld* the nature of the testimony of certain *State Endorsed Witnesses* from the Defendant and his Counsel, knowing their testimony to be favorable and vital to the defence [sic]."

The trial court summarily denied petitioner's 35(b) motion without a hearing. We think the trial court was correct.

I.

The first ground raised in DeBaca's 35(b) petition affords no ground for post-conviction relief. The proper forum in which to raise the defense of alibi was at the trial on the merits. DeBaca offered no evidence in his behalf at his trial and is precluded from now attempting to gain a second trial so that he may raise a defense he chose to ignore at his first trial. He may not adopt one line of strategy and, if it fails, then obtain another trial so that he may try again with a different strategy.

II.

DeBaca argues here that his second allegation that the prosecution withheld from him evidence favorable to his defense brings his case squarely within the ambit of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215. We do not agree. To begin with, the Court in *Brady* pointed out that Brady had made a request for the information suppressed, which was de-

nied to him. Here DeBaca made no such request. It is true he filed a motion to examine certain items of evidence which was denied. However, he did not seek to obtain information about testimony of state endorsed witnesses which is now the fulcrum upon which his allegation turns.

 Moreover, his allegation is made in the broadest language possible. He does not state which witnesses' testimony favorable to him was deliberately withheld from him, nor what the evidence was. Rule 35(b) proceedings may not be used as fishing expeditions in the hope that the petitioner may somehow, in the course of an evidentiary hearing, discover some thing which may require the granting of 35(b) relief. Evidentiary hearings should not and will not be granted on vague conclusional charges such as those contained in DeBaca's petition. Specific facts to support the claim must appear in the petition for post-conviction relief under 35(b). Failing this, no issue is raised which demands an evidentiary hearing. *Mitchell v. United States*, 359 F.2d 833, (7th Cir.); *Martinez v. United States*, 344 F.2d 325 (10th Cir.).

The rule is discharged.