**No. 25621**

**The People of the State of Colorado v. Mark Wayne Hutton**
(517 P.2d 392)

Decided December 24, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal was filed after the trial court denied the defendant's motion for relief under Crim. P. 35(b). The trial judge did not grant the defendant a hearing. The findings, conclusions, and judgments of the trial judge are supported by the record, and we, therefore, affirm the trial court.

The defendant was charged in an information with aggravated robbery. 1967 Perm. Supp., C.R.S. 1963, 40-5-1. He was also charged with four habitual criminal counts. C.R.S. 1963, 39-13-1. When the defendant, who was represented by counsel, was arraigned, he entered pleas of not guilty and not guilty by reason of insanity at the time of the alleged commission of the offense. The sanity issue was tried to a jury, and the defendant was found to be sane.

Thereafter, as a result of plea negotiations, a plea agreement was offered to the defendant. The offer required that the district attorney move to dismiss the habitual criminal charges and recommend a sentence of twenty-five to thirty years, in exchange for the defendant's plea of guilty to the charge of aggravated robbery. The defendant accepted

the plea agreement and on February 27, 1970, entered a plea of guilty to aggravated robbery. In compliance with his agreement, the district attorney recommended a sentence of twenty-five to thirty years and moved to dismiss the habitual criminal charges. In imposing sentence, the court chose to follow the district attorney's recommendation and sentenced the defendant to twenty-five to thirty years in the penitentiary.

The trial court did not comply with the requirements of Crim. P. 11.[1] Although the trial judge adequately advised the defendant of his constitutional rights, he failed to inform the defendant of the elements of the crime of aggravated robbery, which is required by Crim. P. 11. *See McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). More than two years after the original plea was entered, this failure to comply with Crim. P. 11 resulted in the defendant filing a Crim. P. 35(b) motion to vacate and set aside the sentence and judgment.

■ Even though the providency hearing did not square with the requirements of Crim. P. 11, the record before us establishes that the defendant knew the elements of the crime of aggravated robbery at the time he entered his plea of guilty. In the course of the defendant's sanity trial, the defendant admitted that he had been previously convicted of the crime of aggravated robbery. In post-conviction proceedings, we were called upon to review the voluntariness of the defendant's plea of guilty to the crime of aggravated robbery. *See Hutton v. People,* 156 Colo. 334, 398 P.2d 973 (1965); *Hutton v. People,* 156 Colo. 340, 398 P.2d 976 (1965). In reviewing this case, we take judicial notice of the records of this court relating to the defendant's prior appeal of his aggravated robbery conviction where the same question and

---

[1] At the time the defendant in this case entered his plea of guilty, Colo. R. Crim. P. 11(c)(1) (1963) was in effect. Since then, we have amended Rule 11. Crim. P. 11 (1970). Although this case is decided under the 1963 rule, there is no substantive difference between the two rules on the narrow issue involved here. Therefore, for the sake of clarity, we will simply refer to the rule as Crim. P. 11.

the same issues which are before us in this case were first asserted by the defendant in a *pro se* brief. *Accord, Kostal v. People,* 167 Colo. 317, 447 P.2d 536 (1968); *Ives v. People,* 86 Colo. 141, 278 P. 792 (1929). To ignore the defendant's brief and the issues which the defendant has now asserted on numerous occasions would be to frustrate the true purpose of the providency hearing and to cause the formality set out in Crim. P. 11 to be used as a charade for achieving an unjust result.

 In our view, a plea of guilty should not be set aside if a factual basis exists for the plea and if the defendant has knowledge of the elements of the crime and enters the plea voluntarily. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973); *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty,* § § 1.4, 1.5, 1.6, 1.7, and 2.1.

In denying relief under Crim. P. 35(b), the trial judge made findings of fact and conclusions of law and entered judgment denying relief. The trial judge made his findings of fact without granting the defendant a hearing and relied solely upon the pre-sentence investigation, a partial transcript of the sanity trial, and a transcript of the providency hearing. The pre-sentence investigation reflects that the defendant knew the elements of the crime to which he plead guilty and contains the following statement: "He [the defendant] admits to every element of the offense."

 The records which were before the trial judge in this case established that the defendant knew the elements of the crime of aggravated robbery. Crim. P. 35(b) permits a trial judge to deny the motion without granting a hearing, but only in those cases where the motion, the files, and the record in the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant post-conviction relief. *Roberts v. People,* 158 Colo. 76, 404 P.2d 848 (1965).

Accordingly, we affirm the trial court.