## No. 26335
## No. 26340

**The People of the State of Colorado v. Gilbert Joseph Trujillo, Pete Joseph Velasquez, and William Sacarias Duran, a/k/a Art Duran**

(549 P.2d 1312)

Decided May 3, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, William D. Harmsen, Deputy, for defendants-appellants Gilbert Joseph Trujillo and Pete Joseph Velasquez.

Kreidler, Durham, Rosentrater and Moxley, Edward D. Durham, for defendant-appellant William Sacarias Duran.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Defendants' sole contention on appeal is that the trial court erred by failing to conduct a hearing before ruling on their Crim. P. 35(b) motion for postconviction relief. We do not agree, and therefore affirm.

In a joint trial, defendants Trujillo, Velasquez and Duran were convicted of assaulting a peace officer in the performance of his duties in violation of 1967 Perm. Supp., C.R.S. 1963, 40-7-54.[1] Trujillo was also convicted of assault with intent to commit murder.[2] C.R.S. 1963, 40-2-34.[3] Motions for new trial were filed by defendants. The trial court denied the motions and sentenced the defendants to the penitentiary. The defendants then perfected an appeal to this court, and we affirmed the trial court. *People v. Trujillo,* 181 Colo. 350, 509 P.2d 794 (1973).

---

[1]Now section 18-3-202(e), C.R.S. 1973.
[2]Velasquez and Duran were found guilty of assault and battery, C.R.S. 1963, 40-2-35, but the trial judge set aside the verdicts as to them.
[3]Now scattered in sections 18-3-201, C.R.S. 1973, *et. seq.*

Subsequent to the announcement of our decision, defendants, who were then in the penitentiary, filed a Crim. P. 35(b) motion to vacate judgment. At the same time, they also filed a motion to set a hearing date on their Crim. P. 35(b) motion and a motion to set bond. In a written order, the same judge who presided over the trial denied all of the defendants' motions. He denied the Crim. P. 35(b) motion without conducting an evidentiary hearing which defendants had requested. He found that such a hearing was not necessary because "the motion and the file and the record show to the satisfaction of the Court that the prisoners are not entitled to relief;. . . ." Specifically, he found that the points raised in the Crim. P. 35(b) motion "were either appealed to the Supreme Court, or could have been appealed to the Supreme Court at the time of the original appeal . . . ," and that the arguments in the motion were also raised by and resolved against the defendants in their motions for new trial. Defendants are here on appeal, contending that they were entitled to a hearing on their Crim. P. 35(b) motion before the trial court ruled upon it.

■ Crim. P. 35(b) provides postconviction relief for the various grounds therein stated. The rule affords a convicted person the remedies which are available through a writ of habeas corpus, and like the federal habeas corpus proceeding, a proceeding under Crim. P. 35(b) is governed by equitable principles. *People v. Bucci*, 184 Colo. 367, 520 P.2d 580 (1974); *People ex rel. Wyse v. District Court*, 180 Colo. 88, 503 P.2d 154 (1972).

■ Under ordinary circumstances, the moving party is entitled under Crim. P. 35(b) to a prompt evidentiary hearing on his motion for postconviction relief.
"[u]nless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief." Crim. P. 35(b)(2); *People v. Hutton*, 183 Colo. 388, 517 P.2d 392 (1973); *Coleman v. People*, 174 Colo. 94, 482 P.2d 378 (1971); *Whitman v. People*, 170 Colo. 189, 460 P.2d 767 (1969); *Roberts v. People*, 158 Colo. 76, 404 P.2d 848 (1965).
This language has been interpreted to require a hearing unless the motion, the files and record "clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief."[4] *People v. Hutton, supra.*

■ Thus, an evidentiary hearing is not required under Crim. P. 35(b) where the motion, files and record present only issues of law, *People v. Martinez*, 184 Colo. 155, 524 P.2d 73 (1974); or where the motion itself fails to specify the facts supporting the constitutional claim. *Hooker*

---

[4]Compare this language of Crim. P. 35(b) with the language in the federal habeas corpus statute, 28 U.S.C. § 2255, which requires a hearing "[u]nless the motion and the files and records of the case *conclusively show that the prisoner is entitled to no relief.*" (Emphasis added.)

*v. People*, 173 Colo. 226, 477 P.2d 376 (1970); *DeBaca v. People*, 170 Colo. 415, 462 P.2d 496 (1969); *DeBaca v. District Court*, 163 Colo. 516, 431 P.2d 763 (1967).

■ Also, equitable principles permit a motion for postconviction relief to be denied without a hearing when the ground for postconviction relief relied upon has been fully and finally litigated in the proceedings leading to judgment of conviction, and the interests of justice do not otherwise require another hearing, *Morse v. People*, 180 Colo. 49, 501 P.2d 1328 (1972); *Gallegos v. People*, 175 Colo. 553, 488 P.2d 887 (1971); *Whitman v. People*, 170 Colo. 189, 460 P.2d 767 (1969); *People v. Bradley*, 169 Colo. 262, 455 P.2d 199; *ABA Standards, Post-Conviction Remedies* § 6.1(a).

■ In the present case, defendants' motion for postconviction relief under Crim. P. 35(b) raised several grounds which they contend deprived them of their rights to due process under the Fourteenth Amendment to the United States Constitution and Art. II, Secs. 16 and 25 of the Colorado Constitution.

On these grounds, two were raised by defendants in their earlier appeal.[5] These issues were disposed of by this court, and the defendants cannot raise them again in a later Crim. P. 35(b) motion. *Morse v. People, supra; Gallegos v. People, supra; Whitman v. People, supra; People v. Bradley, supra; ABA Standards, Post-Conviction Remedies* § 6.1(a). Thus, the trial judge did not err in ruling on these two issues without first conducting an evidentiary hearing.

The remaining grounds alleged were not raised or disposed of on appeal, and ordinarily this would not preclude the court from considering them in a subsequent Crim. P. 35(b) motion. *Trujillo v. People*, 178 Colo. 136, 496 P.2d 1026 (1972); *People v. Bradley, supra.* However, the files and record in this case indicate that these issues were raised during the trial and in defendants' motions for new trial, even though the defendants did not renew their arguments on appeal. These circumstances indicate that defendants knew of these legal arguments at the time of trial and yet failed to argue them in their appeal.

The judge who ruled upon the Crim. P. 35(b) motion was the same judge who presided over the defendants' trial, a situation contemplated by the Rule wherever possible. *Haines v. People*, 169 Colo. 136, 454 P.2d 595 (1969); *Bresnahan v. Luby*, 160 Colo. 455, 418 P.2d 171 (1966); *see ABA Standards, Post-Conviction Remedies* § 1.4(b). The rationale underlying this preference is clear from the facts of this case. Defendants had raised the issues submitted here in the motions for new trial. The

---

[5]These grounds were based on the trial court's denial of motions for separate trial and change of venue.

judge's written order denying the motions for new trial and his written order denying the Crim. P. 35(b) motion indicate that the issues submitted here were discussed with the judge during the trial proceedings and that he was fully aware of the facts underlying each of the charges. There remained no questions of fact to be resolved.

Where a Crim. P. 35(b) motion presents only questions of law, an evidentiary hearing serves no useful purpose, and the judge can rule on the motion on the basis of the motion, the files and the record without first conducting such a hearing. *People v. Martinez, supra; see* 2 *C. Wright, Federal Practice and Procedure* § 599 (1969 ed.); *ABA Standards, Post-Conviction Remedies*, § § 4.5(a) and 4.6(a). Thus, the trial judge did not err in ruling on the remaining issues in the Crim. P. 35(b) motion without first conducting an evidentiary hearing.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE, and MR. JUSTICE ERICKSON concur.