Larry Wayne WHITE,
Petitioner–Appellant,

v.

DENVER DISTRICT COURT, DIVISION
12; the Colorado Board of Parole; and
the Division of Adult Services, the Pa-
role Department, City and County of
Denver, Colorado, Respondents–Appel-
lees.

No. 87SA185.

Supreme Court of Colorado,
En Banc.

Dec. 12, 1988.

Larry Wayne White, Canon City, pro se.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Marleen Langfield,
Asst. Atty. Gen., Human Resources Sec-
tion, Denver, for respondents-appellees.

LOHR, Justice.

The appellant, Larry Wayne White, seeks
review of the district court's denial of his
pro se petition for a writ of habeas corpus
and the denial of his motion to reconsider
his petition as a Crim.P. 35(c) motion. In
his pleadings, White alleged that his parole
had been unlawfully revoked. The district
court concluded that based on his petition
and supporting documents, White was not
entitled to any relief. The district court
therefore denied White's applications with-
out holding an evidentiary hearing. We
reverse the district court's judgment of dis-
missal and remand the case with directions
to hold an evidentiary hearing on White's
petition.

## I.

In November 1975, White was sentenced to an indeterminate term in the custody of the Department of Corrections pursuant to section 16–13–203, 8A C.R.S. (1986), of the Colorado Sex Offenders Act of 1968. *See White v. Rickets,* 684 P.2d 239 (Colo.1984). White was later paroled in September of 1985. On January 14, 1986, White was charged with second degree forgery, a class 4 felony, based on an incident that occurred on January 11, 1986. *See* § 18–5–103, 8B C.R.S. (1986). White's parole officer then filed a parole complaint, which charged White with violating a condition of his parole [1] as a result of the alleged forgery transaction. A parole revocation hearing was held on February 6, 1986. The hearing officer found White guilty of violating his parole and ordered White's parole revoked for a period of one year.

White appealed to the parole board from the hearing officer's decision. In his appeal White alleged, among other things, that the revocation hearing had been conducted in a manner that denied him representation of counsel, the right to present witnesses, the right to subpoena adverse witnesses, the right to confront and cross-examine adverse witnesses, and prior notice of the substance of the evidence against him. White also alleged that the evidence presented at his revocation hearing was insufficient to establish that he had violated a parole condition "beyond a reasonable doubt" as required by section 17–2–103(9)(a), 8A C.R.S. (1986), when the alleged violation is the commission of a criminal offense. A hearing on White's parole board appeal was held before two members of the parole board on April 28, 1986. *See* § 17–2–201(9)(c), 8A C.R.S. (1986). The appeal panel affirmed the findings and decision of the hearing officer revoking White's parole.

On June 2, 1986, the district court granted the People's motion to dismiss without prejudice the second degree forgery charges against White. White then filed a pro se "Petition for Writ of Habeas Corpus, Alternatively Writ of Prohibition" in Denver District Court. White also filed an affidavit and several other documents, including his notice of appeal to the parole board, in support of his petition. In his petition and supporting documents, White alleged that the parole hearing and appeal had failed to comply with the minimum standards of due process for parole revocation hearings as outlined by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *See also Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). White further alleged that the parole revocation proceedings had failed to comply with the statutory requirements of section 17–2–103, 8A C.R.S. (1986).

On June 30, 1986, the district court denied White's habeas corpus petition because it determined from a review of the petition and supporting documents that White was not entitled to any relief. No evidentiary hearing was held on White's petition. On August 5, 1986, White filed a "Motion to Reconsider and Amend Petition for Remedial Relief," in which he requested that his petition for habeas corpus be reconsidered as a request for postconviction relief pursuant to section 18–1–410(1)(h), 8B C.R.S. (1986), and Crim.P. 35(c)(2)(VII). The district court denied White's motion to reconsider on August 29, 1986.

White filed an appeal from the district court's denial of his habeas corpus petition and motion for reconsideration in the Colorado Court of Appeals. The court of appeals referred White's appeal to this court to decide whether jurisdiction over the appeal was properly vested in the Colorado Supreme Court or the Colorado Court of Appeals. *See* § 13–4–110(1)(a), 6A C.R.S. (1987). We then accepted jurisdiction over White's appeal.

## II.

■ On appeal, the parole board contends that White's habeas corpus petition

---

**1.** The parole complaint charged White with violating condition 3 of his parole. This condition provided: "I shall obey all State and Federal laws and Municipal ordinances at all times."

did not raise a valid claim for relief before the district court since habeas corpus relief is generally available only when other relief is not available. *See, e.g., Blevins v. Tihonovich,* 728 P.2d 732, 733 (Colo.1986). Here, the parole board asserts, the proper avenue for White to obtain review of his parole revocation is through a Crim.P. 35(c) motion for postconviction relief. We disagree with the parole board's argument that White's petition did not present a claim cognizable by the district court.

Although White's assertions of error properly should have been raised in a Crim.P. 35 motion,[2] we have previously held that a habeas corpus petition should be treated as a Crim.P. 35 motion based upon "the substantive constitutional issues raised therein, rather than [upon] the label placed on the pleading." *Dodge v. People,* 178 Colo. 71, 73, 495 P.2d 213, 214 (1972). To preclude White from seeking relief based solely on the form of his petition would be contrary to the general policies underlying postconviction remedies[3] and would not serve the interests of finality or judicial economy.[4] Furthermore, such preclusion is not justified in this instance where White specifically petitioned the district court to consider his habeas corpus petition as a Crim.P. 35 motion.

■ Accordingly, we conclude that the trial court should have treated White's habeas corpus petition as a Crim.P. 35(c) motion for postconviction relief.[5] Therefore, White's claims were properly before the trial court and may be addressed on appeal here.[6]

### III.

White argues that the trial court erred by refusing to grant him a hearing on his motion. We agree. Under Crim.P. 35(c)(3), a court must hold an evidentiary hearing unless the motion, the files, and the record of the case " 'clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief.' " *People v. Trujillo,* 190 Colo. 497, 499, 549 P.2d 1312, 1313 (1976) (quoting *People v. Hutton,* 183 Colo. 388, 391, 517 P.2d 392, 394

2. We held in *In Re: Question Concerning Judicial Review,* 199 Colo. 463, 465 n. 1, 610 P.2d 1340, 1341 n. 1 (1980), that parole revocation hearings are subject to judicial review pursuant to § 18–1–410(1)(h), 8B C.R.S. (1986). Crim.P. 35 provides the procedural rules implementing the postconviction remedies provided for in § 18–1–410. *See* § 18–1–410(2).

3. The "protection of constitutional rights requires that postconviction remedies be broad and flexible." *People v. Turman,* 659 P.2d 1368, 1370 (Colo.1983) (citing ABA *Standards for Criminal Justice* 22–2.1 (1980)). The ABA Criminal Justice Standards also provide that "[t]here should be one comprehensive remedy for postconviction review of the validity of judgments of conviction." ABA *Standards for Criminal Justice* 22–1.1. "We have often looked to the American Bar Association *Standards for Criminal Justice* for guidance in the area of postconviction remedies." *People v. Turman,* 659 P.2d at 1370; *see also People v. Muniz,* 667 P.2d 1377, 1381 (Colo.1983) (applying ABA Standards for postconviction remedies).

4. *See,* ABA *Standards for Criminal Justice* 22–4.2 n. 1 (1980) (commentary) ("An applicant whose pleading is dismissed as insufficient is induced to try again with a better pleading. This is not conducive to real finality, which follows from dispositions on the merits rather than on the quality of the pleadings.").

5. In *People v. Calyer,* 736 P.2d 1204 (Colo.1987), we held that Crim.P. 35(c) could not provide an alternative ground to support the release of a prisoner pursuant to a writ of habeas corpus that failed to contain adequate notice of the nature of the proceedings and that was not served on the proper respondent. The key factor in *Calyer* was that the respondent had not received notice of the habeas corpus hearing and therefore was not represented at the hearing. *Id.* at 1206, 1208. *Calyer* does not preclude treating White's habeas corpus petition as a Crim.P. 35(c) motion since White's petition provides adequate notice of the nature of his claim, and his petition was served on the attorney general. *See id.* at 1208. Furthermore, in *Calyer* it was the adequacy of the writ issued by the trial court, and not the adequacy of the petition, which was at issue.

6. Although jurisdiction of an appeal from a Crim.P. 35(c) motion is properly vested in the court of appeals, § 13–4–102(1), 6A C.R.S. (1987), we have elected to retain jurisdiction of White's appeal to expedite the proceedings in this case. *See, e.g., Blevins v. Tihonovich,* 728 P.2d 732, 733–34 (Colo.1986) (treating appeal from improper habeas corpus petition as C.A.R. 21 original proceeding).

(1973)); *accord People v. Rael,* 681 P.2d 530, 532 (Colo.App.1984); *see People v. Muniz,* 667 P.2d 1377, 1380 (Colo.1983) (defendant is entitled to judicial review of Crim.P. 35 motion so long as he states a claim cognizable under Crim.P. 35 and the claim has not been fully and finally resolved in a prior judicial proceeding); *see also* ABA *Standards for Criminal Justice* 22–4.6 (1980) ("A plenary hearing to receive evidence ... is required whenever there are material questions of fact which must be resolved in order to determine the proper disposition of the application for [postconviction] relief.").

■ Appropriate grounds for postconviction relief pursuant to Crim.P. 35 include allegations that the defendant's sentence was imposed in violation of the constitution or laws of the United States or Colorado or that there has been an unlawful revocation of parole. Crim.P. 35(c)(2)(I) & (VII); *see also People v. Turman,* 659 P.2d 1368, 1370 (Colo.1983); *People v. Shackelford,* 729 P.2d 1016, 1017 (Colo.App.1986). A defendant need not set forth the evidentiary support for his allegations in his initial Crim.P. 35 motion; instead, a defendant need only assert facts that if true would provide a basis for relief under Crim.P. 35. *See People v. Muniz,* 667 P.2d at 1380; *People v. Bruebaker,* 189 Colo. 219, 221, 539 P.2d 1277, 1278 (1975); ABA *Standards for Criminal Justice* 22–3.4 (1980) (applicant should not be required to declare in application for postconviction relief how he intends to prove material factual allegations).

■ In order to determine whether White has set forth adequate grounds for relief in his petition, we next examine the federal and Colorado law controlling parole revocation and apply the standards derived from these sources to the allegations contained in White's petition.

### A.

In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court determined that a parolee has a protected liberty interest in the limited freedom granted by parole, and that this limited freedom is within the due process protections of the fourteenth amendment. *Id.* at 482, 92 S.Ct. at 2600. However, parole revocation "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in [criminal proceedings] does not apply to parole revocations." *Id.* at 480, 92 S.Ct. at 2600. What is required, the Court determined, is some orderly process for revocation, however informal, that protects a parolee's limited liberty interest. The minimum requirements of due process at a parole revocation hearing include:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489, 92 S.Ct. at 2604.

In *Morrissey,* the Court did not decide whether a parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent. *Id.* In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court adopted a case-by-case analysis for determining when indigent probationers or parolees should be provided with appointed counsel for revocation hearings. *Id.* at 790, 93 S.Ct. at 1763. The Court concluded that presumptively, counsel

should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there

are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

*Id.* at 790–91, 93 S.Ct. at 1763–64.

The statutory requirements for parole revocation hearings in Colorado are set forth in sections 17–2–103 and –201, 8A C.R.S. (1986). These provisions require that when revocation of parole is sought, the parolee must receive a copy of the complaint identifying the nature of the charges and stating the substance of the evidence against him and this copy must be delivered "a reasonable length of time before any parole board hearing." § 17–2–103(6)(a); *see also* § 17–2–103(8). At the parole hearing, the parolee may be represented by an attorney, and he may testify and present witnesses and documentary evidence in defense of the charges against him. § 17–2–103(8). If the parolee pleads not guilty at the revocation hearing, and the alleged violation of parole is the commission of a criminal offense for which the parolee has not been convicted in a criminal proceeding, then the authorities seeking parole revocation have the burden of establishing beyond a reasonable doubt that the parolee committed the alleged offense. § 17–2–103(9)(a). A parolee may appeal the decision to revoke his parole to an appeal panel consisting of two members of the parole board, excluding the member who conducted the revocation hearing. § 17–2–201(9)(c).

**B.**

To support his claim for relief, White alleged the following facts, among others, in his affidavit and other documents accompanying his petition. First, he alleged that the parole board had failed to advise him in writing prior to his revocation hearing of the substance of the evidence before him. White further alleged that he had not been advised of the witnesses who would testify against him. He asserted that this omission impinged upon his right to cross-examination since he could not adequately prepare to cross-examine these witnesses. Next, White contended that he had been wrongly denied a continuance of the revocation hearing that he had sought in order to obtain counsel and to subpoena witnesses. White also alleged that the parole board had failed to provide him with counsel for his hearing on the appeal of his parole revocation. Finally, White alleged that the evidence before the parole board failed to establish beyond a reasonable doubt that he had violated a condition of his parole.

All of these allegations implicate rights that may be due White under the Constitutions of the United States and Colorado and under the laws of Colorado outlined above. Therefore, White has set forth claims cognizable under Crim.P. 35(c). Moreover, White has alleged facts that, if proven, would entitle him to postconviction relief.[7] The claims set forth by White have not been fully and finally resolved in a prior judicial proceeding. White is entitled to an evidentiary hearing[8] on his motion and ju-

---

7. Because he has set forth allegations of both facts and law cognizable under Crim.P. 35, White's claims can be clearly distinguished from previous cases concluding that the applicant had not stated a sufficient claim for relief under Crim.P. 35. *See Hooker v. People,* 173 Colo. 226, 477 P.2d 376 (1970) (allegation of constitutional error is insufficient for review under Crim.P. 35 when specific facts are not pleaded to support claim); *People v. Shackelford,* 729 P.2d 1016, 1017 (Colo.App.1986) (claim that Department of Corrections improperly calculated good-time credits is not cognizable under Crim.P. 35(c)); *see also* ABA *Standards for Criminal Justice,* 22–4.2 (1980) (commentary) ("Some applicants for postconviction relief ... seek relief on grounds that are clearly not cognizable in a postconviction proceeding.").

8. An evidentiary hearing is required since the record before the district court does not contain evidence that would refute White's claims. For instance, while White contends that his notice

dicial review of these claims. *People v. Muniz*, 667 P.2d 1377, 1380 (Colo.1983); *People v. Trujillo*, 190 Colo. 497, 549 P.2d 1312 (1976). Therefore, the district court erred by dismissing White's petition based on a determination that White was not entitled to any relief.

## IV.

Since the district court did not conduct an evidentiary hearing, we do not reach the merits of the various claims White raises in his petition and appeal. We decide only that White has not had the type of hearing and judicial review contemplated by Crim.P. 35(c) and our prior cases. Accordingly, we reverse and remand with directions to the trial court to hold an evidentiary hearing on White's petition for post-conviction relief.

QUINN, C.J., does not participate.

of the evidence against him was inadequate, the record before the district court contained only the response of the parole board that White had failed to raise this issue at his initial revocation hearing; there was never any factual determination made of the adequacy of the notice to White. Therefore, White's claims cannot be dismissed as "unmistakably frivolous allegations" which would justify dismissal of his petition without an evidentiary hearing and prior to the filing of responsive pleadings. *See* ABA *Standards for Criminal Justice* 22–4.2, 22–4.5(b) (1980).

While some issues, such as White's right to counsel at his original revocation hearing and at the appeal of this hearing, might possibly be decided without an evidentiary hearing, it is for the trial court in the first instance to determine on which specific issues an evidentiary hearing should be held. *See* ABA *Standards for Criminal Justice* 22–4.5(b) (1980).