The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Charles E. BRACK,
Defendant–Appellant.

No. 88CA1025.

Colorado Court of Appeals,
Div. I.

April 5, 1990.

Rehearing Denied May 3, 1990.

Certiorari Denied Sept. 4, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ann Feinstein Levis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Susan Baker, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Charles E. Brack, appeals the trial court's order denying his Crim.P. 35(c) motion. He argues that the denial of his motion as untimely constituted reversible error, as did the denial of his request for appointed counsel. We disagree and, therefore, affirm.

■ Defendant argues that he is entitled to the five-year grace period established by the supreme court in *People v. Fagerholm,* 768 P.2d 689 (Colo.1989) by its interpretation of § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). However, defendant misreads the court's opinion. The *Fagerholm* holding states that the five-year grace period applies to "all persons whose convictions antedate the statute by an interval of time in excess of the statutory limitation period." *See also People v. Germany,* 674 P.2d 345 (Colo.1983).

Section 16–5–402 states in part: "[N]o person who has been convicted under a criminal statute . . . shall collaterally attack the validity of that conviction unless such attack is commenced within the applicable time period. . . . There is no time restriction for attacks on all class one felonies. Collateral attacks on all other felonies are limited to three years.

Defendant's conviction of March 18, 1985, does not antedate the effective date of the statute, July 1, 1984. Therefore, the five-year grace period does not apply to defendant, and the trial court was correct in denying defendant's motion as untimely.

Alternatively, defendant argues that the trial court erred in denying him a hearing to determine whether the late filing of his Crim.P. 35(c) motion was a result of excusable neglect as permitted by § 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A). We find no error.

■ Under Crim.P. 35(c), a court must hold an evidentiary hearing unless the motion, the files, and the record of the case clearly establish that the allegations are without merit. *People v. Trujillo,* 190 Colo. 497, 549 P.2d 1312 (1976). A defendant need not set forth the evidentiary support for his allegations in his Crim.P. 35 motion; instead, a defendant need only assert facts that if true would provide a basis for relief. *White v. District Court,* 766 P.2d 632 (Colo.1988).

■ Excusable neglect exists if there has been a failure to take proper steps at the proper time as a result of some unavoidable hindrance or occurrence. *People v. Fultz,* 761 P.2d 242 (Colo.App.1988).

■ Here, the motion, files, and record of the case present no allegations of fact which, if true, would provide a basis for relief. Also, there are no allegations which, if true, would support a finding of unavoidable hindrance or occurrence. Therefore, we conclude that the trial court properly denied defendant's Crim.P. 35(c) motion without a hearing.

■ Since defendant's allegations in his Crim.P. 35(c) motion were wholly unfounded, he has no right to appointed counsel in that proceeding. *Brinklow v. Riveland,* 773 P.2d 517 (Colo.1989).

Order affirmed.

PIERCE and STERNBERG, JJ., concur.