24CA0415 Peo v Rivera 06-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0415
Jefferson County District Court No. 18CR1578
Honorable Philip J. McNulty, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Orlando F. Rivera,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE WELLING
Grove and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Orlando F. Rivera, Pro Se

¶ 1    Defendant, Orlando F. Rivera, appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief.  He contends that the court erred by denying the motion without appointing counsel.  We agree and, therefore, reverse the order and remand the case for further proceedings.

## I.    Background

¶ 2    On the night in question, Rivera and the victim, who were involved in an intimate relationship, had a verbal argument at Rivera's residence.  At some point during the evening, Rivera physically and sexually assaulted the victim.  Rivera recorded the sexual assault and told the victim that he would post the videos online if she called the police.  Once she was away from Rivera, the victim went to the hospital, where it was determined that she had sustained serious bodily injury due to a laceration of her liver.

¶ 3    The People charged Rivera with sexual assault, second degree assault – restrict breathing, second degree assault – serious bodily injury, criminal extortion, and false imprisonment.  After a trial, the jury acquitted him of the second degree assault – restrict breathing count but otherwise convicted him as charged.

¶ 4     The district court sentenced Rivera to an indeterminate term of fifteen years to life in the custody of the Department of Corrections (DOC) on the sexual assault charge; a consecutive term of ten years in the DOC on the second degree assault – serious bodily injury charge; a consecutive term of six years in the DOC on the extortion charge; and a concurrent term of one year in jail on the false imprisonment charge.  The court also designated Rivera a sexually violent predator (SVP).

¶ 5     A division of this court affirmed the judgment of conviction in part but reversed the SVP designation.  *See People v. Rivera*, (Colo. App. No. 19CA1700, Mar. 24, 2022) (not published pursuant to C.A.R. 35(e)).  On remand, the prosecution conceded that Rivera should not be designated an SVP, and the court issued an amended mittimus to remove the designation.

¶ 6     Subsequently, Rivera filed a Crim. P. 35(c) motion, alleging numerous ineffective assistance of counsel claims and requesting the appointment of postconviction counsel and an evidentiary hearing.  While the majority of Rivera's ineffective assistance claims were conclusory, some of his claims were more developed.  As relevant here, one of Rivera's developed claims alleged that trial

counsel failed to sufficiently advise him of his right to testify and failed to adequately prepare for him to exercise that right. He asserted that, but for these deficiencies, he would have testified and the result of the trial would have been different.

¶ 7 In its order, the postconviction court denied the motion without appointing counsel or holding an evidentiary hearing. The court substantively addressed some of the claims, and it generally denied the rest as bare and conclusory. On the claim regarding the right to testify, the postconviction court determined that Rivera wasn't entitled to relief because the record showed that the district court properly advised him pursuant to *People v. Curtis*, 681 P.2d 504 (Colo. 1984), and that therefore he validly waived his right to testify.

## II. Law Governing Crim. P. 35(c) Motions and Standard of Review

¶ 8 We review a postconviction court's summary denial of a Crim. P. 35(c) motion de novo. *People v. Cali*, 2020 CO 20, ¶ 14. Criminal defendants don't need to set forth evidentiary support for their allegations in a Crim. P. 35 motion, but instead need only assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).

¶ 9    When reviewing a postconviction motion, a court must consider, among other things,

> whether it fails to state adequate factual or legal grounds for relief, whether it states legal grounds for relief that are not meritorious, whether it states factual grounds that, even if true, do not entitle the party to relief, and whether it states factual grounds that, if true, entitle the party to relief, but the files and records of the case show to the satisfaction of the court that the factual allegations are untrue.

Crim. P. 35(c)(3)(IV).

¶ 10    If, based on a review of the motion, the files, and the record, the court concludes that the defendant isn't entitled to relief and, therefore, none of the claims advanced has arguable merit, the court must deny the motion in its entirety without a hearing and without forwarding the motion to the prosecution or the Office of the Public Defender (OPD).  Crim. P. 35(c)(3)(IV); *People v. Segura*, 2024 CO 70, ¶¶ 4, 5 n.2, 7-8, 25-26, 35; *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).  But, if the defendant has requested the appointment of postconviction counsel and the court concludes that at least one claim may entitle a defendant to relief and, thus, has arguable merit, the court must grant the request for the

4

appointment of postconviction counsel and forward a complete copy of the motion to the prosecution and the OPD. Crim. P. 35(c)(3)(IV); *Segura,* ¶¶ 7-8, 25-26, 35.

### III.   Analysis

¶ 11     We conclude that Rivera's Crim. P. 35(c) motion sufficiently asserted at least one claim with arguable merit and that he was therefore entitled to the appointment of counsel.

¶ 12     In his motion, Rivera alleged that trial counsel didn't "discuss with [him] his right to testify or the effect that his decision may have on counsel strategy or preparation." He acknowledged that the district court provided him with a *Curtis* advisement but argued that trial counsel "told [him] that if he testified, he would not be able to appeal his conviction and[,] with him not understanding what was taking place[,] he did not [testify]."

¶ 13     Rivera further claimed that he "told defense counsel mid-trial that he wanted to testify" but that counsel told him he "'was not prepared' for him to testify." Rivera "understood this to mean that if he chose to testify, it would adversely affect his trial overall."

¶ 14     With regard to prejudice, Rivera asserted that, "[b]ut for defense counsel's incorrect advisement and lack of diligence in

5

preparing for the possibility of Mr. Rivera seeking to testify, Mr[.] Rivera would have taken the stand in his own defense."  In support, Rivera claimed that (1) "[t]here were no other eyewitnesses to the events alleged by [the victim]"; (2) "[d]efense counsel . . . admitted that [the victim] did not necessarily come across as a highly credible witness"; and (3) the victim's "testimony and versions of the events for which Mr. Rivera was charged contained numerous inconsistencies."  Moreover, he argued that, had he testified, the jury "would have learned relevant and critical information that defense counsel had no other way to present, including explanations for some of [the victim's] injuries, her motive(s) for fabrication, and the presence of physical evidence, including highly persuasive evidence, linking Mr. Rivera to [the victim]."  Rivera thus alleged that "[t]he prejudice that resulted from defense counsel's lack of diligent preparation and incorrect advisement was substantial" and that, "[if] the jury had the opportunity to evaluate Mr. Rivera'[s] testimony and compare it with that of [the victim's], there is a substantial probability that the outcome of the trial would have been different."

¶ 15    In its order, the postconviction court found that the *Curtis* advisement cured any deficiency in trial counsel's deficient performance regarding the right to testify and that the giving of an adequate *Curtis* advisement conclusively demonstrated that Rivera validly waived his right to testify.

¶ 16    Criminal defendants have a constitutional right to testify in their own defense. *Curtis*, 681 P.2d at 509. A defendant may waive this fundamental right only if the decision to do so is knowing, voluntary, and intelligent. *Moore v. People*, 2014 CO 8, ¶ 10. In order to safeguard the knowing, voluntary, and intelligent nature of a defendant's understanding of the right to testify when deciding whether or not to testify, a district court should give the defendant an advisement as set forth in *Curtis*. *Id.* at ¶¶ 10, 19.

¶ 17    One purpose of a *Curtis* advisement is to avoid ineffective assistance of counsel claims involving a defendant's decision on whether or not to testify. *See Curtis*, 681 P.2d at 515 ("The purposes of advisement by the court on the record are to ensure that waiver of a fundamental constitutional right is intelligent and knowing, to preclude postconviction disputes between [the] defendant and counsel over the issue . . . ."); *see also People v.*

*Gray*, 920 P.2d 787, 793 (Colo. 1996) (A valid *Curtis* advisement facilitates appellate review by creating a record of a waiver of the right to testify; "[w]ithout a *Curtis* requirement, waiver issues would merge into ineffective assistance of counsel claims."); *cf. People v. Naranjo*, 840 P.2d 319, 323-25 (Colo. 1992) (pre-*Curtis* violations of the right to testify can be raised in ineffective assistance of counsel claims).

¶ 18     But an adequate *Curtis* advisement isn't dispositive of whether a defendant's waiver of their right to testify was knowing, voluntary, and intelligent.  *Moore*, ¶¶ 19, 22, 24, 26-27.  Indeed, notwithstanding the giving of a *Curtis* advisement, a defendant can challenge the validity of their waiver of the right to testify, and they must do so in a postconviction motion (and not on direct appeal).  *See id.* at ¶¶ 3, 8, 10-11, 16, 22, 27; *People v. Blehm*, 983 P.2d 779, 782, 785, 787-88, 792 (Colo. 1999); *Curtis*, 681 P.2d at 516.  The reason for asserting this claim in a postconviction proceeding, rather than on direct appeal, is because "a defendant's challenge to the knowing, voluntary, and intelligent waiver of the right to testify likely will require a post-conviction court to look beyond the trial court's advisement into facts that the defendant brings forward that

8

are not contained in the direct appeal record." *Moore*, ¶ 17. In their postconviction motion, "the defendant . . . must allege specific facts that if proved at the hearing establish a prima facie case that the waiver of the right to testify was not knowing, voluntary, and intelligent." *Id.* at ¶ 23.

¶ 19 Broadly construing Rivera's pro se postconviction motion, *see Cali*, ¶ 34, he is substantively asserting a challenge to the validity of his waiver of the right to testify. And, taking as true Rivera's allegations regarding his off-the-record discussions with counsel, we perceive arguable merit in the claim. *See Moore*, ¶¶ 17, 27-28; *see also People v. Davis*, 2018 COA 113, ¶¶ 5-6, 44 (The defendant was appointed counsel and granted a postconviction evidentiary hearing on his assertion "in his Crim. P. 35(c) motion that he would present evidence demonstrating that he had wanted to testify at trial but was prevented from doing so."). The postconviction court's finding that Rivera received an adequate *Curtis* advisement does not automatically resolve his challenge to the validity of his waiver of the right to testify. *See Moore*, ¶¶ 19, 22, 24, 26-27.

¶ 20 Accordingly, we reverse the postconviction court's order and remand the case for the court to forward a complete copy of the

9

motion to the OPD.  We need not decide whether any of Rivera's other claims have arguable merit or whether Rivera is entitled to a hearing.  *See Segura*, ¶ 26 n.8.

## IV.   Disposition

¶ 21      The order is reversed, and the case is remanded for further proceedings.

JUDGE GROVE and JUDGE JOHNSON concur.