24CA0972 Peo v Bolling 10-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0972
City and County of Denver District Court No. 17CR7968
Honorable Kandace C. Gerdes, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kapatrick Bolling,

Defendant-Appellant.

ORDER AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Suzan Trinh Almony, Alternate Defense Counsel, Broomfield, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Kapatrick Bolling, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm in part, reverse in part, and remand the case for an evidentiary hearing on one of Bolling's postconviction claims.

## I.     Background

¶ 2     After Bolling shot a friend multiple times, the prosecution charged him with attempted first degree murder, first degree assault, felony menacing, and three counts of possession of a weapon by a previous offender.

¶ 3     At defense counsel's request, the district court ordered a competency evaluation.  The evaluator diagnosed Bolling with schizophrenia and concluded that he was incompetent to assist in his own defense.  The court found Bolling incompetent and ordered restoration treatment.

¶ 4     After Bolling was restored to competency, he pleaded guilty to first degree assault with a stipulated sentencing range of ten to sixteen years in prison.

¶ 5     Though defense counsel did not file any exhibits before the sentencing hearing, Bolling individually filed several exhibits in anticipation of the hearing.

¶ 6     At the sentencing hearing, the prosecution requested a sixteen-year prison sentence.

¶ 7     By contrast, defense counsel asked the court to impose a ten-year prison sentence.  Counsel briefly pointed to Bolling's age and mental health issues, generally referenced the presentence investigation report and competency reports, and touched upon the prosecution's public safety concerns.  Counsel concluded, "I don't really know what else we can say here except for that [Bolling] is very remorseful for what happened," he "has had documented issues with mental health throughout his entire life, and we believe that that is extremely mitigating."  Counsel presented no witnesses or evidence.

¶ 8     The sentencing court weighed various sentencing factors, including the gravity of the offense, Bolling's criminal and social history, and accountability.  The court concluded that "Bolling is mentally ill and violent and public safety suggests" that the maximum sixteen-year sentence is fair and appropriate.

¶ 9     Bolling then filed a pro se motion for sentence reduction under Rule 35(b).  In it, he accepted accountability for the shooting, updated the court on his progress in prison programs, and raised

his physical and mental health issues. The postconviction court denied the motion, concluding that the original sentence was appropriate.

¶ 10 Bolling next filed a pro se Rule 35(c) motion. The postconviction court appointed counsel, who filed a supplemental Rule 35(c) motion asserting that Bolling was denied effective assistance of counsel at sentencing. The supplement also alleged that sentencing counsel was ineffective for failing to advise Bolling of his right to file a motion for sentence reduction under Rule 35(b) and for failing to file that motion on Bolling's behalf.[1]

¶ 11 The postconviction court denied the Rule 35(c) motion without a hearing, concluding that counsel's performance at sentencing was reasonable and Bolling did not "affirmative[ly] prove prejudice." The court also denied Bolling's claim that sentencing counsel was ineffective for not advising him of his right to file a Rule 35(b)

---

[1] Bolling does not reassert his remaining postconviction claim that the sentencing court failed to advise him of his right to counsel to assist him with his motion for sentence reduction. We therefore deem that claim abandoned. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (a defendant's failure to specifically reassert on appeal a claim that the postconviction court denied constitutes a "conscious relinquishment" and abandonment of the claim).

motion or filing the motion on his behalf because Bolling had timely filed a pro se motion under Rule 35(b) along with mitigating information.[2]

## II. Analysis

¶ 12 Bolling contends that the postconviction court erred by denying his Rule 35(c) claims without a hearing. We agree in part.

### A. Legal Principles and Standard of Review

¶ 13 A defendant's right to effective assistance of counsel extends to sentencing. *People v. Finley*, 141 P.3d 911, 914 (Colo. App. 2006); *see* U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To prevail on an ineffective assistance claim, a defendant must show that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant, meaning there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

---

[2] Because the postconviction court appointed postconviction counsel, the court should not have denied the supplemental motion without following the procedure outlined in Crim. P. 35(c)(3)(V).

¶ 14 When a defendant alleges sufficient facts that, if true, "may warrant relief [under Rule 35(c)], the court *must* conduct an evidentiary hearing." *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 7 (emphasis added). Evidentiary support is not required to warrant a hearing. *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A court may deny a motion without a hearing *only if* the motion, files, and record in the case clearly establish that the allegations are without merit and do not warrant postconviction relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 15 We review the denial of a Rule 35(c) motion without a hearing de novo. *People v. Cali*, 2020 CO 20, ¶ 14.

## B. Sentencing

¶ 16 Postconviction counsel alleged that counsel was ineffective at sentencing because she failed to

- independently investigate and present mitigation evidence in violation of Standard 4-8.3 of the ABA Criminal Justice Standards for the Defense Function (4th ed. 2017) (ABA standards);

- engage a social worker to assist sentencing counsel with gathering and developing mitigation evidence "as is standard practice";

- present evidence or testimony from Bolling's family members about his history, social support, and their ability to assist with Bolling's mental health medication and treatment;

- present evidence or testimony from Bolling's caseworker, who could provide information about Bolling's progress and treatment while incarcerated;

- identify Bolling's specific diagnoses, including schizophrenia, borderline intellectual functioning, ADHD, sleep apnea, and diabetes; their effects on his executive functioning abilities; and the fact that his conditions were untreated at the time of the offense but managed when medicated; and

- present evidence that "schizophrenia fluctuates over time, with the most notable change occurring in later life when individuals experience a significant decrease in acute systems" and that, given the time of diagnosis and

6

Bolling's age, he was "at the stage of the disorder where he [wa]s currently experiencing a decrease in symptoms."

¶ 17    As to prejudice, the postconviction motion alleged that by not presenting this information at sentencing, counsel failed to provide critical mitigation information and address public safety concerns. And it alleged that had counsel properly prepared for the sentencing hearing, there is a reasonable probability that Bolling would not have received the maximum sentence.

¶ 18    Though not required to provide evidentiary support, postconviction counsel supported the motion with, among other things, multiple letters from Bolling's family and a ten-page mitigation report from a forensic social worker.

¶ 19    The court declined to hold an evidentiary hearing on the motion, suggesting — without expressly stating — that the motion failed to specify facts supporting a claim for relief.  The court considered the merits of the motion and concluded that sentencing counsel "did what a reasonably competent attorney would have done" and that Bolling failed to establish prejudice that would have changed his sentence.

¶ 20    But we agree with Bolling that he alleged sufficient facts to warrant an evidentiary hearing.  As to deficient performance, the Rule 35(c) motion alleged — and the record confirms — that his counsel presented *no* mitigation evidence or witnesses at sentencing.  Bolling alleged this failure was below the ABA standards.  These facts, if true, would establish deficient performance.

¶ 21    Turning to prejudice, the Rule 35(c) motion identified mitigation evidence to counter the court's concern that the maximum sentence was required for public safety.  Indeed, the motion included allegations — supported by a forensic social worker — that the symptoms of schizophrenia decrease with age.  That information was never presented, by Bolling or his counsel, to the sentencing court, and it is not included in the presentence investigation report or competency evaluations.[3]  The motion also

---

[3] The sentencing court referenced the presentence investigation report at the hearing, but it did not reference the competency evaluations, which document Bolling's amenability to treatment and improvement with medication.  Though defense counsel generally referred to the competency reports, the record does not show whether the sentencing court reviewed the reports before sentencing.

8

alleged that Bolling was untreated at the time of the shooting, but that his family was committed to helping him manage his diagnosis through treatment and medication. And it alleged that had defense counsel properly prepared and advocated for Bolling at sentencing, there's a reasonable probability that Bolling would not have received the maximum sentence.

¶ 22    Though the postconviction court rejected the mitigation evidence and concluded that Bolling did not present "affirmative" proof of prejudice, Bolling was not required to present evidentiary support to warrant a hearing. *White*, 766 P.2d at 635. He just needed to allege facts that, if true, would provide a basis for relief. We conclude that Bolling alleged sufficient facts to entitle him to a hearing on whether his counsel's alleged deficient performance affected the sentencing outcome.[4]

¶ 23    Given all this, we conclude that the postconviction court erred by denying this claim without a hearing.

---

[4] We recognize that the postconviction court later rejected Bolling's pro se motion to reduce his sentence under Rule 35(b). But that brief motion did not contain the same substantive allegations as did the supplemental Rule 35(c) motion. The Rule 35(b) motion specifically lacked any allegations about the impact of age on schizophrenia symptoms and Bolling's reactions to treatment.

### C. Motion for Sentence Reduction

¶ 24　Bolling briefly asserts that the postconviction court erred by denying his claim that his sentencing counsel was ineffective for not advising him that he could file a motion for sentence reduction or filing a motion for sentence reduction on his behalf.

¶ 25　But we do not consider appellate arguments presented in a conclusory and undeveloped manner. *People v. Wiseman*, 2017 COA 49M, ¶ 48. And Bolling doesn't develop any appellate argument explaining how the postconviction court erred by denying this claim. It's not enough to simply assert that he was prejudiced "by counsel's failure to assist or advise him" in connection with his motion for sentence reconsideration.

¶ 26　We therefore affirm that portion of the postconviction court's order.

### III. Disposition

¶ 27　The order is reversed in part, and the case is remanded for an evidentiary hearing on Bolling's claim that he was denied effective assistance of counsel at sentencing. The order is otherwise affirmed.

JUDGE LIPINSKY and JUDGE KUHN concur.